STATE *vs.* CLEVELAND P. HARVEY.

Lincoln.  Opinion January 16, 1925.

*The language "knowingly did transport from place to place in said Waldoboro" in an indictment for illegal transportation of intoxicating liquors is sufficient. On a motion in arrest of judgment such grounds of objection to the indictment only as are assigned in the motion can be considered under an exception to its denial.*

In the instant case the allegation in the indictment that the respondent "knowingly did transport from place to place in said Waldoboro" affords to the respondent the requisite information as to the locality in which the unlawful transportation is alleged to have taken place, to which the law entitles him, and is a sufficient allegation of the place.

On exceptions by respondent.  At the close of the testimony by the State on the trial of the respondent for illegal transportation of intoxicating liquor, counsel for the respondent moved for a directed verdict which was denied and respondent entered exceptions.  The respondent was found guilty and his counsel filed a motion in arrest of judgment on the ground that the indictment was bad in that it did not sufficiently describe the place, which motion was denied and exceptions taken.  Exceptions overruled.

The case appears in the opinion.

*Weston M. Hilton, County Attorney,* for the State.

*George A. Cowan,* for respondent.

SITTING:    CORNISH, C. J., PHILBROOK, MORRILL, STURGIS, BARNES, JJ.

STURGIS, J.    The respondent was tried in the court below upon an indictment found under R. S., Chap. 127, Sec. 27, as amended by Public Laws, 1923, Chap. 167, Sec. 2, charging him with illegal transportation of intoxicating liquor.    At the close of the testimony offered by the State the respondent moved for a directed verdict in his favor which the presiding Justice denied, and to this ruling exceptions were allowed.    The respondent thereupon proceeded with his defense and

having been found guilty, filed a written motion in arrest of judgment which was denied, and his exceptions allowed. The case is before this court upon these two exceptions.

The evidence presented by the State was sufficient to justify a verdict of guilty and was neither so weak nor so defective that a verdict based upon it could not be sustained. There was, therefore, no error on the part of the presiding Justice in denying the respondent's motion for a directed verdict, and the exception to that ruling cannot be sustained. *State* v. *Gustin,* 123 Maine, 307; *State* v. *Benson,* 115 Maine, 549.

In the respondent's motion in arrest of judgment, the only ground stated therefor is:

"Because of manifest error in the record appearing, to wit:— Because the indictment under which he was convicted does not allege the place from which and the place to which the respondent transported intoxicating liquor, and because no judgment against him, the said Cleveland P. Harvey, can be lawfully rendered on said record."

Only such grounds as are assigned in the motion in arrest of judgment can be considered under the exception to its denial. A motion in arrest of judgment should specify the causes for which judgment should be arrested, and our review of the ruling below is controlled by the reasons stated in the motion. *State* v. *Donaluzzi,* 94 Vt., 142; *State* v. *Wing,* 32 Maine, 581; 2 Encyc. Pl. and Pr. 816; 16 C. J., 1264, and cases cited. Our consideration of the respondent's second exception must, therefore, include only the sufficiency of the description of place as found in the indictment.

The record shows that the indictment under which the respondent was convicted is in the following language:

"'The Grand Jurors for said State upon their oath present that Cleveland P. Harvey of Rockland in the County of Knox, at Waldoboro in said County of Lincoln, on the twenty-ninth day of May in the year of our Lord one thousand nine hundred and twenty-four, knowingly did transport from place to place in said Waldoboro a certain quantity of intoxicating liquor, to wit, ten gallons of alcohol," etc.

This form of allegation of place is not new in the criminal practice of this State. It follows the form provided in Whitehouse on Criminal Procedure, Page 119, and has now for many years been

generally used by the prosecuting officers of this State in charging, in complaint and indictment, the offense of illegal transportation of intoxicating liquor where the transportation does not extend beyond the limits of a given city or town.

An allegation of from place to place in the State of Maine, or from place to place in a given county, is too indefinite to reasonably inform a respondent of the offense with which he is charged, or to identify it in case a subsequent prosecution for the same offense should be instituted. *State* v. *Lashus*, 79 Maine, 541; *State* v. *Libby*, 84 Maine, 461. But in the case at bar, the place in which the act was committed is set out by alleging that the liquor was transported from place to place in said *Waldoboro*. This allegation of the place of the offense affords to the respondent the requisite information to which the law entitles him. '

A similar allegation was held sufficient in *Commonwealth* v. *Hutchinson*, 6 Allen, 595, and that court says: "A reasonable degree of certainty in the description of the offense so that the accused may know the locality in which the unlawful transportation is alleged to have taken place is all that is requisite." *Commonwealth* v. *Hutchinson* was considered by this court in *State* v. *Lashus*, supra, and it is there intimated that an allegation of place in the form used in the indictment before us is sufficient. We confirm that intimation.

*Exceptions overruled.*