### STATE *vs.* MICHAEL J. BUCKLEY.

### Penobscot.    Opinion June 2, 1926.

*Unexplained, the possession of large quantities of intoxicating liquors is sufficient evidence of unlawful sale by the accused.*

*In criminal cases the burden of proof never shifts, but the burden of evidence may shift with alternating frequency.*

An inference or presumption of unlawful intent, however, does not shift the burden of proof which remains upon the State throughout the trial to prove the guilt of the respondent beyond a reasonable doubt.

As to the burden of evidence, a different rule obtains.    When such a presumption exists as in the instant case, the respondent, unless he is satisfied to rely upon the presumption of innocence which attends him, is bound to explain the facts on which the presumption rests.

On exceptions.    Upon a complaint charging illegal possession of intoxicating liquors, respondent was tried, found guilty, and sentence imposed, and respondent excepted to a part of the charge.    Exceptions overruled.    Judgment for the State.

The case sufficiently appears in the opinion.

*Artemus Weatherbee, County Attorney,* for the State.

*Edward P. Murray and George E. Thompson,* for the respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

STURGIS, J. In the course of a search of the premises occupied by the respondent, State and Federal officers found and seized twenty-two quarts of Scotch whiskey. At the trial below, upon a complaint charging illegal possession of intoxicating liquors under R. S., Chap. 127, Sec. 27, as amended, the presiding Judge instructed the jury fully and correctly that the State must prove that the respondent is guilty of the offense charged beyond a reasonable doubt. He then defined reasonable doubt fully and with legal exactness; and having given general instructions as to the respective duties of the jury and the court, included the following in his charge:

"If you should find as a matter of fact that there was an unusually large quantity of liquors seized at this time, then you are entitled to take that fact into consideration, and if you should be so satisfied and so find, there is a burden of explanation on the respondent in this case to explain that situation."

To this portion of the charge the respondent reserved an exception which he presents to this court.

Unexplained, the possession of large quantities of intoxicating liquor is sufficient evidence of intended unlawful sale by the accused. *State* v. *Intox. Liquors*, 106 Maine, 135. *State* v. *Intox. Liquors*, 106 Maine, 138. Such inference or presumption of unlawful intent, however, does not shift the burden of proof, which remains upon the State throughout the trial to prove the guilt of the respondent beyond a reasonable doubt. The respondent is not bound to prove his own innocence. He may rely on the presumption of his innocence which the law affords him, to rebut the inference or presumption of fact arising from the quantity of liquor found in his possession, and sit silent. If he does, the jury must still be satisfied of his guilt beyond a reasonable doubt. If he permits such prima facie proof of his unlawful intent to remain with the jury unexplained, he hazards an adverse verdict which his explanation might have avoided.

As this court says in *State* v. *Flye*, 26 Maine, 312, 318,—"There is a wide distinction between the requirement in a criminal prosecution, that the accused shall prove his innocence, when a presumption is raised against him, and the necessity of his explaining in some degree the facts on which that presumption rests."

The principle involved in this case is well considered in the opinion in *Commonwealth* v. *Dana*, 2 Metc. (Mass.), 329. The instruction in that case was,—"If from the whole of the evidence on the part of the Commonwealth, they were led to the belief, that the defendant did sell and deal in lottery tickets, and had them in his possession for that purpose, as charged in the indictment, they would be authorized to find him guilty, unless he should have succeeded on his part, as had become his duty, to explain those facts and circumstances consistently with his innocence of that unlawful intention." In sustaining the legal sufficiency of this instruction that court says:

"It has been objected, that by the charge the burden of proof was thrown on the defendant to prove his innocence. But we think this is not the meaning of the charge; for the jury were instructed, that they were not authorized to find the defendant guilty, unless the evidence was such as to lead them to believe that he was guilty. The remark that it was the duty of the defendant to explain those facts and circumstances proved against him, consistently with his innocence, meant no more than he ought so to do. But still if he failed, they were not to find a verdict against him, unless on the whole evidence they believed him guilty. If they doubted, they were to acquit him. So the case was left to the jury on the right footing, namely, that the burden of proof was not shifted, but still remained on the Commonwealth to prove the guilt of the defendant, and if a reasonable doubt remained, the defendant was to be acquitted."

There is a manifest distinction between the burden of proof and the burden of evidence. Generally the burden of proof upon any affirmative proposition necessary to be established as the foundation of an issue does not shift, while the burden of evidence or the burden of explanation may shift from one side to the other according to the testimony. *Buswell* v. *Fuller*, 89 Maine, 600; *Foss* v. *McRae*, 105 Maine, 140. In criminal cases the burden of proof never shifts, but the burden of evidence may shift with alternating frequency. Underhill's Criminal Evidence (3d Ed.) Sec. 50. The instruction that the burden of explanation of his possession of twenty-two quarts of Scotch whiskey was upon the accused in the instant case, rested upon the hypothesis that the jury found such possession and drew an inference of unlawful intent therefrom. Upon such an affirmative finding beyond a reasonable doubt, as the previous instructions

clearly required, the jury could and should have brought in a verdict of guilty, unless the accused by his explanation created a reasonable doubt of his guilt.

In the sense in which the expression "burden of explanation" was used by the presiding Judge, we think it was intended only as a statement of the law as to the burden of evidence and must have been so understood by the jury. In the light of the previous instructions as to the burden of proof resting upon the State and the presumption of innocence attending the accused, we cannot believe that the instructions in question could have been understood by the jury as taking from them the right to weigh the evidence for themselves, or as an instruction that proof of possession by the accused of the quantity of whiskey charged, relieved the State of the burden of proof resting upon it. For these reasons the exception must be overruled.

*Exception overruled.*
*Judgment for the State.*