STATE OF MAINE *vs*. C. GUY HUME.

Kennebec.    Opinion January 24, 1933.

*H. C. Marden*, County Attorney, for the State.
*Harvey D. Eaton*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    The respondent was convicted in the Trial Court of obtaining money by false pretenses. At the close of the evidence, the prosecuting attorney, by leave of Court, entered a *nolle prosequi* as to other charges and the respondent moved for a directed verdict. Exceptions to a denial of this motion and to the exclusion of evidence were duly reserved.

Counsel for the respondent presents a special motion for a new trial based on an alleged error in the charge of the presiding Justice. If this error exists and the respondent can take advantage of it by this motion, which is at least doubtful, well-recognized defects in procedure deprive this Court of jurisdiction. The motion was not presented to the trial Judge, but comes directly to the Law Court. This is contrary to the rules of criminal procedure. In criminal cases, a motion for a new trial based on any ground must be directed to the Justice presiding at the trial. If it is denied in a case involving a felony, the respondent may appeal to the next law term. R. S., Chap. 146, Sec. 27. If the offense is a misdemeanor only, the ruling of the trial Judge is final. *State* v. *Dodge*, 124 Me., 243, 127 A., 899 ; *State* v. *Gustin*, 123 Me., 307, 122 A., 856. The Law Court has jurisdiction and can hear and determine only those matters authorized by statute and brought to it through the established course of procedure. *Simpson* v. *Simpson*, 119 Me., 15, 109 A., 254.

The gist of the first charge laid in the indictment is that on the 23rd day of May, 1929, the respondent feloniously and designedly and with an intent to defraud presented to one Elbridge T. Foster

a promissory note of that date for twelve hundred and seventy-five dollars payable one month after date to the order of the Ticonic National Bank of Waterville and, falsely pretending that a promissory note theretofore given by Foster and indorsed by the respondent was then due and the note presented was to be used in renewal thereof, induced Foster to sign the new paper and thereafter discounted it for cash or credit at the bank. It is also charged that on July 31, 1929, the respondent made and presented to Foster a promissory note of that date for fifteen hundred dollars, payable to the order of the Ticonic National Bank and, falsely pretending that this note was also to be used to renew another promissory note made by Foster, thereby induced him to sign it and forthwith used it as an original instrument. In neither case were there then any notes of Foster due or renewable.

The testimony of the complaining witness supports the charges laid in the indictment. He states that he made the notes in controversy for the accommodation of the respondent as alleged in the indictment, not as original loans, but for the purpose of renewing notes which the respondent told him and he believed were outstanding against him and then due and payable. He is corroborated by an employee who testifies that he was present when the respondent obtained the execution of the note of May 23, 1929, and heard him ask for a note to renew "a big note that came due." Mr. Foster's wife was told by her husband in the presence of the respondent that it was a renewal. The records of the Ticonic National Bank show that both instruments were indorsed by the respondent and discounted as new notes.

The respondent, taking the stand in his own behalf, denied that he represented that either of the notes in controversy were renewals of other paper and told the jury that in each instance it was clearly understood that the transaction was an original accommodation. He disclosed that he had been swapping checks with Mr. Foster for several years and using the notes for discount or credit. He claimed that he paid for the accommodation as he received it.

We are of opinion that, if the testimony of the State's witnesses was believed, it was sufficient to establish the guilt of the respondent beyond a reasonable doubt. A direct denial of the State's charges and a contradiction of its witnesses raised an issue of fact which

was for the jury. There was no error in the denial of the respondent's motion for a directed verdict. *State* v. *Donahue*, 125 Me., 517, 133 A., 433; *State* v. *Harvey*, 124 Me., 226, 127 A., 275.

In the course of the cross-examination of the complaining witness, seventy checks drawn to his order by the respondent were introduced and an inquiry was begun as to the purpose for which they were received and the use made of them. After the witness had been questioned concerning nine or more checks and had stated that he swapped his own checks for them, the presiding Justice, on being informed by counsel for the respondent that he intended to cross-examine in regard to all the checks, stated that he did not think it was necessary to take the time of the Court for such extended inquiry and, for this reason, excluded further testimony along this line. By way of comment, he said the witness had asserted his inability to give the whereabouts of the checks. The exception to this ruling can not be sustained. The check-swapping transactions between the respondent and Elbridge T. Foster were collateral to the issues being tried. The extent to which a cross-examination concerning such matters may be carried is within the discretion of the presiding Justice. *State* v. *Rollins*, 73 Me., 380. Nor do we find that any prejudice could have resulted from the reference to the inability of the complaining witness to give the whereabouts of the checks. Assuming as argued by counsel that a strict interpretation of his testimony indicated that the witness was able but had neglected to produce the checks, the erroneous statement of fact in the comment could not have had any effect upon the result of the trial. If there was error, it was undoubtedly inadvertent and harmless.

There is no greater merit in the exception taken to the exclusion of testimony regarding the consideration Mr. Foster paid for a note of $2,100 dated March 5, 1929, and signed by the respondent and his wife. This was an independent transaction and the facts incident to it do not appear to have any tendency to establish the probability or improbability of the matters in issue. The evidence was clearly irrelevant.

The remaining exception relied upon here is based on the exclusion of a letter sent by counsel for the respondent demanding that the complaining witness produce at the trial everything which he had of a documentary nature relating to the respondent's transac-

tions with him. Certain checks presumably in the possession of the witness were not produced, but the record fails to show that the respondent was debarred from introducing secondary evidence of their contents or that his counsel was restricted in his comments on the failure or refusal of the witness to produce them. The admission of the exhibit would have added nothing to the respondent's defense. It was not error to exclude it.

*Exceptions overruled.*
*Special motion overruled.*
*Judgment for the State.*