STATE OF MAINE

*vs.*

RODNEY L. ROBINSON, APLT.

Somerset.    March 8, 1950.

*Lloyd H. Stitham,* for the State.

*Dubord and Dubord,*
*Lewis L. Levine,* for defendant.

Sitting: Murchie, C. J., Thaxter, Fellows, Merrill, Nulty, Williamson, JJ.

Merrill, J.   On exceptions.   The respondent, Rodney L. Robinson, was tried at the May Term of the Superior Court in the County of Somerset, upon a complaint and warrant charging him with assault and battery upon one John B. Gallant.   At the close of the testimony, motion for a directed verdict of not guilty was seasonably made, denied, and exceptions alleged and allowed.   At the conclusion of the charge, the respondent in writing requested eleven instructions to the jury.   To the denial of the eleventh request, the respondent seasonably alleged exceptions which were allowed.   The jury having found the respondent guilty, the case is now before this court upon the foregoing exceptions.

The record clearly discloses that the complaining witness, John B. Gallant, a deputy sheriff, and the respondent engaged in a serious physical struggle in which both parties were severely and grievously injured.   Each of them complained that the other was the unprovoked aggressor and struck the first blow.   The respondent's plea was not guilty. He admitted striking the complainant, and relied upon self defense in justification thereof.   He sought to justify his acts upon two grounds, repelling an unwarranted attack by the complaining witness upon him, and resistance of an unlawful arrest.

It would be profitless to relate the conflicting testimony of the complaining witness and the respondent and the witnesses called on behalf of the State and the respondent. Issues of fact were raised and their solution in a large measure depended upon the credence given by the jury to the conflicting testimony of the complaining witness and the respondent.   The determination of these questions of fact was peculiarly within the province of the jury which ob-

served and heard the witnesses. As said by this court in *State* v. *Hume,* 131 Me. 458, 460:

"We are of opinion that, if the testimony of the State's witnesses was believed, it was sufficient to establish the guilt of the respondent beyond a reasonable doubt. A direct denial of the State's charges and a contradiction of its witnesses raised an issue of fact which was for the jury. There was no error in the denial of the respondent's motion for a directed verdict. *State* v. *Donahue,* 125 Me., 517, 133 A., 433; *State* v. *Harvey,* 124 Me., 226, 127 A., 275."

The exception to the refusal to direct a verdict of not guilty must be overruled.

The requested instruction which was refused was as follows:

"The jury is instructed as a matter of law that the evidence adduced by the State is insufficient for you to find that the respondent at the time of the alleged assault was intoxicated to that degree sufficient to authorize the officer to arrest the respondent without a warrant for intoxication. This being true, the attempted arrest without a warrant was unlawful and the respondent had a right to resist with reasonable force. You are further instructed that unless you are convinced beyond a reasonable doubt that the respondent used more force to resist the unlawful arrest than was reasonable, that you should find the respondent not guilty."

The rule of law with respect to the denial of requested instructions is correctly stated in *State* v. *Cox,* 138 Me. 151, 169, where we said:

"A requested instruction which is not, in its totality, sound law, is properly withheld. It is no part of the duty of the court to eliminate errors in a re-

quested instruction. *State* v. *Cleaves,* 59 Me. 298, 303, 8 Am. Rep., 422."

Neither is it the duty of the court to supply omissions in a requested instruction in order that the same may be applicable to the case at bar.

Whether or not the respondent was intoxicated was peculiarly a question of fact for the jury. The jury were properly instructed by the court as to what constituted intoxication, and this at the request of the respondent. The determination thereof depended upon the condition of the accused as exhibited by conduct. There was a sharp conflict of testimony between the respondent and his witnesses and the State's witnesses, including the complaining witness, as to the conduct of the accused.

It was an undisputed fact that the respondent had been drinking at the time the alleged assault occurred. This fact, coupled with his unprovoked assault upon the complaining witness, his use of vile epithets, and his appearance both to the witness and to the other officers at the scene of the altercation and later at the jail as related by the State's witnesses, even though denied by the respondent, was sufficient to justify the court in submitting the question of his intoxication at the time of the alleged assault to the jury.

The requested instruction, however, has another infirmity. The instruction taken as a whole was a direction to the jury to return a verdict for the respondent unless they were convinced beyond a reasonable doubt that the respondent used more force than was reasonable in resisting unlawful arrest.

To entitle a respondent to an instruction that he should be acquitted if the jury find or fail to find the existence of a single fact set forth in the instruction, the fact so set forth must be absolutely determinative of the guilt or innocence

of the accused upon the entire evidence before the jury. In other words, the record must show that such fact is the only disputed fact upon which the guilt or innocence of the accused depends.

An illegal arrest is an assault and battery. The person so attempted to be restrained of his liberty has the same right, and only the same right, to use force in defending himself as he would have in repelling any other assault and battery. See 4 Am. Jur. Sec. 41, Page 148.

According to the testimony of the complaining witness, he was seated in his truck behind the steering wheel with the door closed and the window open. The respondent was in the street close to the truck. The State's witness testified as follows as to the beginning of the trouble:

"A. After I saw Mr. Robinson I thought he was waving at me to stop, so I stopped, rolled down the window and asked him if he wanted to see me and he said no, that he was talking to his wife. Then I started rolling back up the window and he run up, opened the door and said: 'You sons of bitches are laying for me.' I said: 'We are watching you and if you continue to drive as you are we will pick you up.' Then he said: 'You sons of bitches, you are laying for me now and this is once you can't pick me up.' And then he came into the truck, grabbed me by the throat, choked me in the truck, cut off my wind. We had some struggling and scuffling in the truck."

Even if the officer told the respondent that he was under arrest before he entered the officer's truck, which is denied by the respondent, this evidence would show that the respondent violently assaulted the officer before the officer made the slightest attempt to take physical custody of him. While it is true that a person who is illegally arrested may use such force as is reasonably necessary to resist the force used against him, he cannot initiate the use of force. We recognize that there are circumstances under which an assault may be repelled by a battery, and a show of force may

be repelled by actual force. But words alone do not justify an assault. A mere statement by an officer that a person is under arrest, even if the officer has no authority to arrest, does not justify an attack by him on the officer before any physical attempt is made to take him into custody.

As said in *Harris* v. *State*, 95 S. E. (Ga. App.) 268:
"The officer must, by some physical attempt, endeavor to make the unlawful arrest before the other person can lawfully strike him or otherwise resist him by the use of physical force."

Absent physical attempt to arrest, the question is not whether the respondent used reasonable force but whether he used any force whatsoever.

Even though the complaining witness, an officer, without right told the respondent he was under arrest, it was a question of fact for the jury whether or not the respondent attacked the officer before the latter made any physical attempt to make the arrest. If so, the respondent was not entitled to use any force whatsoever and he would be guilty. The requested instruction ignored this question of fact. It did not leave its determination to the jury. It presupposed the right of the respondent to use some force and that the only question of fact was whether the force actually used was reasonable. As the instruction did not require the jury to pass upon this issue of fact which could be determinative of the respondent's guilt it was properly refused and the exception to its refusal should be overruled.

*Exceptions overruled.*

*Judgment for the State.*