Shirley A. CURTIS, Appellant,

v.

UNITED STATES, Appellee.

Shirley A. CURTIS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3895, 3897.

District of Columbia Court of Appeals.

Argued July 25, 1966.

Decided Oct. 3, 1966.

T. Emmett McKenzie, Washington, D. C., for appellant.

Charles A. Mays, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Edward T. Miller, Asst. U. S. Attys., were on the brief, for appellee in No. 3895.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee in Nos. 3896 and 3897.

Before QUINN and MYERS, Associate Judges and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge:

Appellant was convicted of vagrancy, disorderly conduct and possession of narcotics. These appeals question the legality of her arrest and the subsequent search and seizure of the narcotics.

The undisputed facts indicate that appellant, in the early hours of the morning, left a local hotel by a side door, setting off a burglar alarm. A member of the hotel staff found her outside, and after she had willingly returned to the lobby with him, he called the police.

The arresting officer testified that when he entered the hotel appellant was waiting at the front desk with the night manager and the night auditor. He stated that she was perfectly orderly and had violated no law in his presence. When he asked her what she was doing, she admitted committing an act of prostitution in the hotel, after which he checked two room numbers given him by appellant and found that both were occupied by married couples. He then testified: "I placed her under arrest on the D. C. charge of vagrancy under Section 1 because I knew the defendant to be a convicted thief and felon. At that time she became loud and boisterous and I placed her under arrest for disorderly conduct." Appellant's pocketbook was then searched and when certain paraphernalia was found, she was charged with the possession of narcotics.

Appellant argues that her initial arrest was illegal and that the evidence concerning the property seized as a result of the search of her pocketbook should have been suppressed. An arrest without a warrant may be made if there is probable cause to believe that a felony has been committed and that the arrested person committed it, or if a misdemeanor has been committed in the presence of the arresting officer. Stephens v. United States, 106 App.D.C. 249, 271 F.2d 832 (1959); Maghan v. Jerome, 67 App.D.C. 9, 88 F.2d 1001 (1937); Craig v. Cox, D.C.Mun.App., 171 A.2d 259 (1961), aff'd per curiam, 113 U.S.App.D.C. 78, 304 F.2d 954 (1962); see D.C.Code § 4–140 (1961). The statutory exceptions to this common law rule, which prescribe a probable cause standard for certain misdemeanors, are inapplicable to the case at bar. See, e. g., D.C.Code §§ 23–306, 33–402, 33–416a (1961).

The arresting officer's testimony clearly shows he was not aware, nor had he probable cause to believe, that a felony had been committed. It is equally clear from the record that no misdemeanor was committed in his presence. Appellant was not seen loitering about a public place, an element of vagrancy under paragraph (1) of Section 22–3302, and even her confession of prostitution would not be sufficient to validate and arrest under paragraph (4) of that section, since the act was not committed in the officer's presence. We there-

fore hold that appellant's initial arrest for vagrancy was unlawful. Accord, Jones v. District of Columbia, D.C.Mun.App., 158 A.2d 771 (1960).

The government contends, however, that even if the vagrancy arrest cannot be upheld, appellant's arrest for disorderly conduct was valid. We disagree.

■ The record contains little information concerning this second arrest. Certain factors are significant however. The arresting officer testified that when he arrived at the hotel appellant was perfectly orderly. Appellant stated that she had willingly returned to the lobby when asked to do so by one of the night men, which testimony was uncontradicted. Appellant was arrested for vagrancy after a brief conversation with the officer and "at that time she became loud and boisterous." Counsel's effort to obtain from the officer a fuller description of her conduct was to no avail. While we are aware that in reviewing the record, we must give the government every permissible inference to be derived therefrom, we are of the opinion that only one inference can be drawn from these facts— appellant's loud and boisterous conduct was the direct result of, and was in resistance to, her illegal arrest for vagrancy.

■ The law is well settled that reasonable means including physical force may be used to resist an illegal arrest. Abrams v. United States, 99 U.S.App.D.C. 46, 237 F.2d 42 (1956); Williams v. State, 204 Md. 55, 102 A.2d 714 (1954); State v. Robinson, 145 Me. 77, 72 A.2d 260 (1950); People v. Cherry, 307 N.Y. 308, 121 N.E.2d 238 (1954); Walters v. State, 403 P.2d 267 (Okla.Crim.App.1965); Masden v. State, 156 Tex.Cr.R. 538, 244 S.W.2d 228 (1951); 6 C.J.S. Assault and Battery § 92 (1937). This rule of law is based on the principle that an illegal arrest is an assault and battery, and one so arrested may either turn and walk away or match force with force to effect his escape. State v. Robinson, supra; People v. Cherry, supra; 4 Am.Jur. Assault and Battery § 41 (1936). He does this, of course, at his peril, for if the original arrest is lawful, his subsequent conduct may lead to a conviction for resisting arrest or assault and battery.

■ Applying these rules to the case at bar, we find no reason why appellant, who would have had the right to physically resist her arrest, did not also have the right to raise her voice in protest. Denying this right would deprive a citizen of his most valuable and effective means for resisting injustice. We hold that appellant was within her rights when she raised her voice, and that her arrest for disorderly conduct cannot stand. Accord, District of Columbia v. Perry, D.C.App., 215 A.2d 845 (1966).

■ The law regarding searches and seizures without a warrant is also well settled and states, in effect, that such a search may be made only as an incident to a lawful arrest, with certain exceptions not applicable here. Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Collins v. United States, D.C.Mun.App., 41 A.2d 515 (1945). Having determined that the arrests were illegal, we hold that the search of appellant's pocketbook and the seizure of the narcotics paraphernalia were likewise unlawful, and that all evidence concerning the contraband was therefore inadmissible.

For the above reasons, the convictions on all three informations are

Reversed.