**STATE of Maine**

**v.**

**John D. HAMILTON.**

Supreme Judicial Court of Maine.

Jan. 26, 1968.

Warren E. Winslow, Asst. County Atty., Portland, for appellant.

Tevanian, Ridge, Wallace & Brennan, by Ronald A. Wallace, Edward J. Ridge, Portland, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DU-FRESNE, and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On exceptions. There was evidence from which the jury could properly have found that on March 26, 1965 an officer of the Maine State Police, who was patrolling Interstate 95 in Freeport, observed the erratic operation of an automobile on that highway and overtook and stopped it. The defendant was the operator. After making certain observations of the defendant's speech, appearance and manner of walking and of the strong odor of alcohol coming from him, the officer placed the defendant under arrest for the offense of operating a motor vehicle while under the influence

of intoxicating liquor. He took the defendant to the Brunswick Police Station where the defendant attempted unsuccessfully to perform certain procedures of an informal sobriety test and, upon being given the use of the telephone, proved unable to find the number he sought in the directory or to make himself understood by either the operator or his party.

On March 30, 1965, the officer sought and received from the Clerk of the District Court a warrant charging the defendant with the offense for which he had been arrested, complying with the provisions of 15 M.R.S.A. § 704 which at that time contemplated that the officer who makes an arrest without a warrant should obtain a warrant with reasonable promptness. It will be noted that this arrest and trial occurred before the effective date of the New Rules of Criminal Procedure and especially of M.R.Crim.P., Rules 3 and 4, which eliminated the necessity for the issuance of a warrant upon the complaint where the defendant is already under arrest.

The defendant was arrested on this warrant and was tried and convicted in the District Court and, on appeal, was tried and convicted by a jury in the Superior Court where, at the end of the State's case, he rested without presenting evidence. He is before this court on six exceptions, which will be examined in order.

"Exception No. 1. That prior to trial, Respondent moved to quash the complaint and warrant on the grounds that the warrant was not legally issued in accordance with Title 4, Section 171 and Title 15, Section 706, whereby the Court was without jurisdiction of the person of the Respondent. Motion was denied, and the Respondent seasonably took an exception, which exception was allowed."

The substance of defendant's objection is that the *teste* at the conclusion of the body of the warrant reads:

"WITNESS, Israel Alpren, Esquire, Judge of our said District Court, at said

Brunswick, this thirtieth day of March A.D. one thousand nine hundred and sixty-five.",

yet the warrant is signed by the *Clerk*. The defendant does not contend that the Clerk was not authorized to issue the warrant, but rather that the reference to the judge in the *teste* suggests that the judge issued the warrant and therefore he and not the Clerk should have signed it.

The defendant takes nothing by this exception.

The *teste* of legal process is an anachronism the purpose for which has long since disappeared. Historically, it referred to the sovereign as the source of the signer's authority if the writ was an original writ, and to the chief judge of the court if a judicial writ. Although the presence of the *teste* was required by the Massachusetts Constitution, the Massachusetts Supreme Court as early as 1824 said in Ripley v. Warren, 2 Pick. 592, quoted with approval in Converse v. Damariscotta Bank, 15 Me. 431, 433 (1839):

"* * * Nothing can be more precisely mere matter of form than the teste of a writ although by some unaccountable means it was thought important enough to be provided for in the Constitution of the state. We know that in practice it is considered wholly insignificant."

Although our own constitution has never required the presence of a *teste* on writs or warrants, the *teste* clause continued to appear on civil and criminal process here until recently. However, in common practice both the judge and the clerk of the municipal courts issued and signed warrants bearing the judge's *teste*. The adoption of the Rules of Civil Procedure, Rules 4(a) and 4A(b) eliminated any lingering misconception of its importance in civil matters. Field and McKusick, Maine Civil Practice, § 4.1. Its complete disappearance from criminal process may be expected since the statement in M.R.Crim.P., Rule

4(b) of the required contents of warrants does not suggest any necessity for it and since it is absent from Form 3 which M.R. Crim.P., Rule 58, declares to be sufficient.

The authority of the clerk here to issue this warrant was derived from statutory provisions and not from Judge Alpren and the retention of the judge's name in the *teste* was mere formalism.

■ Exception No. 2. This exception relates to the refusal of the presiding justice to direct a verdict of not guilty. Such an exception should be overruled when the testimony of the State's witnesses, if believed, is sufficient to establish the guilt of the defendant beyond a reasonable doubt. State v. Robinson, 145 Me. 77, 72 A.2d 260 (1950). Here the only testimony the jury heard was that of the police officer who observed the defendant driving the car erratically and whose undisputed testimony as to the defendant's appearance, speech, odor, walk and actions was evidence which the jury was clearly justified in accepting as proof beyond a reasonable doubt of his guilt. There was no error on the part of the presiding justice.

■ Exceptions 3, 4 and 5 are based upon the defendant's contention that the officer's arrest without a warrant on the highway was an illegal arrest and that therefore all evidence of the officer's observation of the defendant's condition made following the arrest should be suppressed. At the point in the testimony where the officer testified he had arrested the defendant, counsel for defendant had moved unsuccessfully that all further testimony concerning the defendant's condition be suppressed.

The defendant appears to rely on decisions of the United States Supreme Court holding that an unconstitutional search is not made lawful by what it brings to light and that evidence discovered by a search incident to an illegal arrest will not make the arrest lawful. These principles have no application in the instant case. Here there was no search nor did the defendant make

admissions or confessions subsequently used against him. We have here no more than a typical case of misdemeanor committed in the presence of an arresting officer. The officer related what he observed with respect to the defendant's conduct and the latter's outward manifestations of lack of sobriety before, during and after his arrest. By so testifying he supplied all the essential elements of the offense of operating a motor vehicle while under the influence of intoxicating liquor. On this posture of the evidence no constitutional issues were presented.

■ The motion to suppress the use of which was approved by us in State v. MacKenzie, 161 Me. 123, 210 A.2d 24 (1965) could not be used as a substitute for a plea in abatement in attacking the legality of an arrest. Even before the adoption of M. R.Crim.P., Rule 12(b) (2) and District Court Criminal Rule 12, the failure to raise such an objection by an appropriate plea before arraignment was a waiver of the objection. State v. Schumacher, 149 Me. 298, 300, 101 A.2d 196, 197 (1953) ; State v. Child, 158 Me. 242, 252, 182 A.2d 675, 681 (1962) ; Glassman, Maine Practice, Sec. 12.1.

■ There is another reason why the defendant takes nothing by this exception. Although the defendant was originally arrested without a warrant, a complaint was later made and a warrant issued and the record shows the defendant was arrested upon this warrant and tried upon this complaint. If there *were* an illegal arrest without a warrant—and we do not suggest that this was the case—the defendant received by virtue of it no immunity bath which would bar later prosecution after a new arrest. State v. Boynton, 143 Me. 313, 322, 62 A.2d 182, 188 (1948) ; Glassman, Maine Practice, Sec. 4.6.

■ Exception No. 6 refers to the presiding justice's refusal to give a requested instruction concerning the right of a police officer to arrest on a misdemeanor charge without a warrant. The request was properly refused. As we have noted earlier in this opinion, the defendant, before trial, was arrested upon a warrant (presumably issued by a competent official on probable cause) and the question of whether probable cause had existed for the officer's earlier arrest without a warrant on the highway was not an issue before this jury. We find nothing in the justice's explanation concerning the law relating to arrest which was prejudicial to the defendant.

Exceptions overruled.

Judgment for the State.