**Lee U. BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5478.**

District of Columbia Court of Appeals.

Submitted Feb. 17, 1971.

Decided March 16, 1971.

1. D.C.Code 1967, § 22–504.

Henry J. Monahan, Rockville, Md., appointed by this court, was on the brief for appellant.

Thomas A. Flannery, U. S. Atty., John A. Terry, Robert P. Watkins and Robert J. Higgins, Asst. U. S. Attys., were on the brief for appellee.

Before FICKLING, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from convictions on two counts of simple assault [1] resulting from appellant's efforts to resist arrest for robbery. Appellant asserts that the police officers lacked probable cause to lawfully arrest him for robbery and he thus had a right to use force to resist that arrest. The trial record discloses that the officers had probable cause to place appellant under arrest and we therefore affirm his convictions.

In July 1970, a purse was taken from the complaining witness while she sat in her car near a store. She saw appellant as he took the purse and fled. During the course of an immediate investigation by two Metropolitan Police officers, the witness identified a passerby—the appellant— as the perpetrator of the crime. She told one of the policemen, "[T]hat is the guy there  *  *  *  I am sure this is him." [2] In response to that identification, the officers followed appellant into a nearby store and while in the process of arresting him, they were assaulted.

Appellant relies on a previous declaration of the common-law rule by this court in Curtis v. United States, D.C.App., 222 A.2d 840, 842 (1966), that "reasonable means including physical force may be

2. The police officer recalled the statement of the witness as: "He looks like the guy that snatched my pocketbook  *  *  * as a matter of fact, this is the same guy."

used to resist an illegal arrest." [3] However, as observed in *Curtis, supra,* under the common-law rule, a person resists arrest at his peril, because if his original arrest was lawful, any violation he commits while resisting that arrest may result in further criminal prosecution.

In this case, it is clear that the complainant's identification of appellant established probable cause for the policemen to arrest him for robbery. Pendergrast v. United States, 135 U.S.App.D.C. 20, 416 F.2d 776, cert. denied, 395 U.S. 926, 89 S. Ct. 1782, 23 L.Ed.2d 243 (1969). Appellant resisted that arrest at his peril and as a consequence is criminally responsible for his assault on the officers. [4]

Affirmed.

3. However, in Curtis v. United States, D.C.App., 222 A.2d 840 (1966), no physical force was involved since the court held that a person who *verbally* protests an illegal arrest cannot be found guilty of disorderly conduct resulting from that loud protest.

4. Although it is not applicable to this case since the offense was committed before February 1, 1971, it is appropriate here to observe that Section 206 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, abrogated the common-law rule in this jurisdiction on the right to resist an arrest by adding the following to D.C.Code 1967. § 22–505 (assault on a police officer):

"[I]t is neither justifiable nor excusable cause for a person to use force to resist an arrest when such arrest is made by an individual he has reason to believe is a law enforcement officer, whether or not such arrest is lawful."

See Pub.L.No.91–358, 84 Stat. 473 at 601, approved July 29, 1970, effective February 1, 1971. For a review of the legislative history of this provision, *see* Rauh & Silbert, Criminal Law and Procedure: District of Columbia Court Reform and Criminal Procedure Act of 1970, 20 Am. U.L.Rev. 252, 310–314 (1970–71).