**Reginald H. BOOKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Dennis R. LIVINGSTON, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 5468, 5469.**

District of Columbia Court of Appeals.

Argued Oct. 8, 1971.

Decided Nov. 15, 1971.

Landon Gerald Dowdey, Washington, D. C., counsel for appellant Booker, with whom Roark M. Reed, Washington, D. C., counsel for appellant Livingston, was on the brief, for appellants.

Stephen W. Grafman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Michael J. Madigan, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and NE-BEKER, Associate Judges.

NEBEKER, Associate Judge:

These consolidated appeals deal with assault convictions arising from appellants' resisting their removal from the District of Columbia City Council chamber after the council chairman had issued an order to clear the chamber because of general public disorder. We hold that there is no right to resist, attack, or resort to self-help in opposing a valid order issued by the council chairman, and we conclude the evidence to be sufficient. The convictions for assault are, therefore, affirmed.

The District of Columbia City Council attempted to hold a public meeting to reconsider the council's position on the construction of a bridge spanning the Potomac River. As the meeting convened, the council chamber was filled with people and the setting was one of general disorder. After an unsuccessful attempt to establish order in the chamber, the chairman directed that the meeting room be cleared with the exception of the press and staff. At this time, special officers began to repeat the order as the public reacted with a loud and rhythmic, "Hell, no, we won't go." The special officers then personally re-

quested individuals to leave and they escorted them from the room.

Appellant Booker was escorted from the room once but he re-entered. When asked to leave a second time by an Officer Williams, Booker struck the officer in the mouth, then grabbed him and knocked him to the floor. While on the floor, Officer Williams was bitten on the ear by Booker. Other officers stopped the scuffle and again escorted Booker out of the room.

Appellant Livingston, seeing others being escorted from the room, kicked one of the escorting officers in the heels and knocked him to the floor. He continued kicking the officer while he was on the floor. After the officer regained his feet, he assisted in removing Livingston from the chamber. Both appellants contend that they had a right of self-help in resisting the clearing of the chamber because of asserted illegality of the order to clear the chamber.

The record reflects the general disturbance permeating the entire room as the meeting began. Such disturbance was not isolated in any segment of the room or group of individuals. The chairman, in trying to maintain order, directed that the chamber be cleared. In light of the disturbance and disruption of the proceedings, the order to clear the chamber was a necessary and valid order regarding the maintenance of proper decorum at the council meeting.[1]

Because the order was lawful, we need not reach the question whether there is a right to use force in resisting enforcement of an unlawful order to vacate the chamber. Moreover, it cannot be said that a mistake of law producing a belief in the illegality of the order can create a defense where, as here, no specific intent is at issue.[2]

This court has previously held that where the government has an interest in maintaining order in public buildings, use of the unlawful entry statute by the executive branch is appropriate. Whittlesey v. United States, D.C.App., 221 A.2d 86 (1966). Because the officers clearing the chamber were acting pursuant to the order which would treat appellants as trespassers, a determination of whether or not the officers were arresting people or merely escorting them from the room is not critical. The law offers no right of resistance, attack, or self-help to oppose the enforcement of such a lawful order by authorized personnel as against these trespassers. *Cf.* Brown v. United States, D.C.App., 274 A. 2d 683 (1971); State v. Koonce, 89 N.J. Super. 169, 214 A.2d 428 (1965).[3] In the instant case, the trial judge, in his opinion rendered on a motion to dismiss the informations, treated the actions of the special officers as valid arrests of appellants and others refusing to leave. On that assumption he correctly held, on the then state of the law (footnote 3, *supra*), that appellants

---

1. The Rules of Procedure of the District of Columbia City Council provide in pertinent part:
 "SECTION 17. *Decorum.*
 (b) *By Persons.* While the Council is in session, no person shall make personal or impertinent remarks, or otherwise interrupt the proceedings.
 "SECTION 18. *Enforcement of Decorum.* The Council shall designate a Sergeant-at-Arms to act at regular or special meetings. He shall carry out all orders and instructions given by the Chairman for the purpose of maintaining order and decorum at the council meetings." [Appellants' brief at A8–A9.]

2. 22 C.J.S. Criminal Law § 48 (1961). *See also* Townsend v. United States, 68 App.D.C. 223, 229, 95 F.2d 352, 358, cert. denied, 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121 (1938); Smith v. United States, D.C.App., 281 A.2d 438, 440 (1971).

3. The view in State v. Koonce, 89 N.J. Super. 169, 214 A.2d 428 (1965), has been codified in D.C.Code 1967, § 22–505 (a) (Supp. IV, 1971), effective for offenses committed after February 1, 1971. *See* Brown v. United States, D.C.App., 274 A.2d 683, 684 n. 4 (1971).

acted at their peril in resisting the efforts to clear the chamber. Although it is doubtful that escorting Booker from the room a second time or stopping Livingston's attack could be viewed as arrests, we assume the trial judge gave appellants the advantage by ruling on the facts as they asserted them to be. That being so, it makes no difference that we now view appellants as mere trespassers at the critical time.

The evidence relating to the assaults presented a jury question as to whether the striking and kicking actually occurred. As a reviewing court, we will, therefore, not disturb the findings made by the jury.

We have considered the other contentions advanced by appellants and find them without merit. Accordingly, the judgments of conviction are

Affirmed.