Andre McDONALD, Appellant,

v.

UNITED STATES, Appellee.

No. 83–782.

District of Columbia Court of Appeals.

Submitted March 28, 1985.

Decided Aug. 7, 1985.

Jack Koppelman, appointed by this court, for appellant.

Tamra Phipps, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGeno-

---

va, U.S. Atty. and Michael W. Farrell, Judith Hetherton, and Debra L. Long, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.

ROGERS, Associate Judge:

Appellant appeals his conviction by a jury of three counts of simple assault, D.C. Code § 22–504 (1981), on the grounds that he was illegally arrested by METRO Transit Police who lacked jurisdiction to execute an arrest warrant for impersonating a Metropolitan Police Officer, and the trial court erred in failing to instruct the jury that he had a common law right to resist the arrest when charged with simple assault. We need not decide whether appellant was illegally arrested because the right to resist an unlawful arrest by a person reasonably believed to be a law enforcement officer has been abolished in the District of Columbia; accordingly, we affirm.

I

A METRO Transit Police detective and three uniformed METRO officers went to appellant's residence at 46 S Street, N.W., on February 24, 1983 around 9 a.m., to arrest Joey Embry on an arrest warrant for impersonating a Metropolitan Police Department officer in violation of D.C.Code § 22–1306 (1981).[1] The alleged impersonation had occurred on February 2, 1983 when two Transit Officers had followed a car from the Rhode Island Avenue, Northeast, METRO Station after a traffic offense had occurred inside the METRO Station. While the Transit Police were admonishing the driver, a 1978 maroon Monte Carlo car pulled up behind the Transit Police car. A man got out, questioned the Transit officers about their right to stop the vehicle, and showed Metropolitan Police Department credentials. When the Transit Police finished speaking to the first driver and walked toward the Monte Carlo, the driver jumped in the car and sped away. In checking the license tag number of the Monte Carlo, the Transit Police learned that the car was registered to Andre McDonald; the name of Joey Embry was listed in police records as an alias.

At trial, Transit Detective Louryk testified that on February 24, 1983, when no one answered at Embry's address, they went to appellant's residence. Appellant admitted he was Joey Embry. Because Louryk thought he generally matched the physical description in the warrant, he advised appellant that he was under arrest. As Louryk started to handcuff appellant, appellant began throwing his arms, kicking, and screaming. He broke away from Louryk and another officer, struck a third officer on the jaw with the handcuffs, but was eventually subdued. Shortly after appellant was taken to the Fifth District police station, he was released because he was not the man for whom the Transit Police were looking.

Appellant testified that as a former Metropolitan Police Department officer, he knew not to resist arrest, and had remained calm, asking to see the arrest warrant. He denied he had ever said he was Joey Embry, claimed Louryk grabbed his arm and another officer choked him and then threw him on the floor. He also claimed that he was beaten at the Fifth District by one of the Transit officers. Appellant's foster mother corroborated his testimony.

II

Appellant contends that because he was charged with simple assault, D.C.Code § 22–504 (1981),[2] and not with assaulting a

1. D.C.Code § 22–1306 (1981) provides:
   It shall be a misdemeanor, punishable by imprisonment in the District jail or penitentiary not exceeding 2 years, or by a fine not exceeding $500, for any person, not a member of the police force, falsely to represent himself as being such member, with a fraudulent design.

2. D.C.Code § 22–504 provides:
   Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined

police officer, D.C.Code § 22–505(a) (1981),[3] he retained a common law right to resist an illegal arrest, and the trial court erred in failing to so instruct the jury. He contends that Section 206 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. 91–358, 84 Stat. 473, 601 (1970), which repealed the common law right-to-resist-an-unlawful-arrest rule, is applicable only to § 22–505(a), and not § 22–504. The government responds that the express language of § 22–505(a) and the legislative history of Section 206 demonstrate the right to resist an illegal arrest has been abolished in the District of Columbia; it relies on dictum in *Brown v. United States*, 274 A.2d 683 (D.C.1971).[4]

Section 206 of the D.C. Court Reform and Criminal Procedure Act of 1970 provides:

> Subsection (a) of § 432 of the Revised Statutes relating to the District of Columbia (D.C.Code, Sec. 22–505(a)) is amended by inserting at the end thereof the following: "It is neither justifiable nor excusable cause for a person to use force to resist an arrest when an arrest is made by an individual he has reason to believe is a law enforcement officer, whether or not such arrest is lawful."

▪ In interpreting a statute, we first look to the language of the act. *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983) (en banc). The language of § 206 clearly abrogates the common law rule which permitted a person

to use force to resist an illegal arrest. The legislative history indicates that Congress intended to adopt "the modern rule" in recognition that it is no longer necessary for a citizen to resist what he suspects may be an illegal arrest since criminal procedural rights (such as prompt presentment, Fed. R. Crim. Proc. 5(b) & (c)) as well as civil remedies under the Civil Rights Act of 1871, 42 U.S.C. § 1983) are readily available. H.R.Rep. No. 907 at 71–72.

▪ As codified, the amendment in Section 206 appears only in § 22–505(a), making it an offense to assault a police officer, and not in § 22–504 regarding simple assault. However, simple assault is a lesser included offense of assault on a police officer.[5] *Petway v. United States*, 420 A.2d 1211, 1213 (D.C.1980) (the assault contemplated by Section 22–505(a) is same as that prohibited by Section 22–504). Accordingly, appellant's construction of Section 206 must fail. *Brown, supra,* 274 A.2d at 684 n. 4 (dictum); *see Booker, supra* note 4, 283 A.2d at 447.

▪ Further, the METRO Transit Police fall within the scope of § 22–505(a) as amended by § 206. The METRO Transit Police are a duly authorized police force with authority to operate in the District of Columbia. D.C.Code §§ 1–2431(76) and 1–2431.3 (1981). The language of § 206 places no limitation on the type of "law enforcement officer" who is intended to be covered.

not more than $500 or be imprisoned not more than 12 months, or both.

**3.** D.C.Code § 22–505(a) provides in relevant part:

> Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia ... while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than 5 years or both. It is neither justifiable nor excusable cause for a

person to use force to resist an arrest when such arrest is made by an individual he has reason to believe is a law enforcement officer, whether or not such arrest is lawful.

**4.** *See also Booker v. United States*, 283 A.2d 446, 447 (D.C.1971) (no right to resist enforcement of a statute authorizing "special officers" to treat appellant as trespasser).

**5.** Appellant was initially charged with assault on a police officer, D.C.Code § 22–505(a), but prior to trial, the charge was changed to four counts of simple assault, D.C.Code § 22–504.

Accordingly, finding appellant's other claims of error unpersuasive,[6] we affirm.

---

**6.** Appellant contends for the first time on appeal, that the trial court impermissibly (1) broadened the range of conduct which the jury could consider in determining whether he was guilty of simple assault during its instruction on the absence of the right to use force to resist an unlawful arrest; and (2) allowed testimony about the facts underlying the arrest warrant when the prosecutor knew and conceded that appellant was not the suspected offender. We find no plain error. *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc). The trial court instructed the jury on the elements of simple assault using Criminal Jury Instruction for the District of Columbia, No. 4.11 (3d ed. 1978) and the language of Criminal Jury Instruction for the District of Columbia, No. 4.15, on resisting arrest. The testimony about the arrest was admissible to explain the circumstances surrounding appellant's arrest. *Ford v. United States,* 396 A.2d 191, 193 (D.C.1978). Although more details than necessary may have been allowed into evidence, some of the testimo-

ny was elicited to refute appellant's suggestion that the police had arrested him in bad faith. *See United States v. Lewis,* 226 U.S.App.D.C. 236, 238–39, 701 F.2d 972, 793–95 (1983). Also, the court instructed the jury that the prosecutor's cross-examination of appellant regarding the car described in the warrant which was parked in front of his house only "goes to credibility. It has nothing to do with this case, at this point."