Henry J. MATHEWS, Appellant,

v.

UNITED STATES, Appellee.

No. 86–942.

District of Columbia Court of Appeals.

Argued Jan. 20, 1988.
Decided March 25, 1988.

Thomas T. Heslep, Washington, D.C., appointed by the court, for appellant.

Dennis R. Carluzzo, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, Michael W. Farrell, and Scott L. Fredericksen, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

PER CURIAM:

After a trial by jury, appellant was convicted of assault with a dangerous weapon. D.C.Code § 22–501 (1981). In circumstances where appellant likely could have raised an insanity defense, but asserted self-defense instead, he contends that the trial judge erred in allowing cross-examination bearing on the reasonableness of his actions and further erred in giving a supplemental instruction to the jury to that effect. Finding these contentions unpersuasive, we affirm.

The charges in this instance arose out of an altercation on the public street which ultimately resulted in the complaining witness, a stranger to appellant, being stabbed by appellant in a fashion that the blade entered his abdomen and exited his back.

Given the nature of the offense, appellant's lack of a fixed address, and other matters related to the incident, a mental examination was ordered. Although lucid and rational in many respects, appellant was determined to be suffering from paranoia. When it became clear, prior to trial, that appellant did not wish to utilize an insanity defense, the court, pursuant to *Frendak v. United States*, 408 A.2d 364 (D.C.1979), appointed an additional counsel, as amicus to the court, and conducted an extended hearing. It was concluded that appellant was competent to consider and determine his defense and this ruling is not now challenged.

In the course of trial, appellant related his version of the altercation and claimed that the stabbing occurred as he was defending himself. He also described, in response to direct examination, that he had been the victim of several severe prior

physical attacks on the street. During cross-examination, appellant stated, over objection, that he believed the complainant in this instance was part of a continuing conspiracy against him and that it was necessary to act against the complaining witness.

At the conclusion of the evidence and argument, the court instructed the jury consistent with the standard instructions, among other things, that appellant could use necessary force to defend himself based on his subjective perceptions of danger, subject to the constraint that his perceptions be reasonable under the circumstances. Criminal Jury Instructions for the District of Columbia, No. 5.13 (3d ed. 1978).

In response to a note received from the jury after it had begun deliberations, the judge, after consulting with counsel, gave a supplemental instruction which paraphrased the earlier charge to the jury.

On appeal, appellant's central premise is that the jury should not have learned, through the government's cross-examination, that he perceived there was an ongoing conspiracy against him and that complainant was a part of that conspiracy. Similarly, it is argued that the court's re-instruction regarding self-defense was also error.

▆ Necessarily, appellant's legitimate refusal to assert an insanity defense created certain tensions for him, in terms of the pertinent legal principles. Because appellant did not plead insanity and seek a bifurcated trial as in *Kleinbart v. United States*, 426 A.2d 343 (D.C.1981), but proceeded as he did, the critical issues for the jury related to the nature of appellant's own perceptions of the situation and whether they were reasonable under the circumstances. *See Fersner v. United States*, 482 A.2d 387 (D.C.1984). These issues have long been recognized in this jurisdiction as matters to be determined by the jury. We are, therefore, unpersuaded that it was error for the government to elicit for purposes of the jury's consideration limited testimony bearing on the reasonableness of appellant's apprehension of the need to resort to self-defense under the circumstances surrounding the incident.

▆ After the jury had begun its deliberations, the judge received a written inquiry from it regarding the determination of defendant's reasonable belief for self-defense purposes. After conferring with counsel and hearing an exchange of views, the court responded to the jury:

All right. I have a question from Juror Number 1975 which reads, as follows: In determining whether the defendant has a reasonable belief that he was in danger of imminent bodily harm for purposes of the defense of self-defense, does the law require that the reasonability of the belief be determined based on that of an ordinary person or that of a person with Mr. Mathews' background and experiences? The answer, ladies and gentlemen, is that of an ordinary person in the situation or under the facts and circumstances which prevailed at the time of the events in issue in this case. That is your answer.

Appellant urges that this supplemental instruction was misleading. While acknowledging that the appropriate inquiry of the actor's perceptions in these circumstances is both subjective and objective, *Fersner, supra,* he asserts that this particular instruction was likely to be interpreted in an adverse manner against him. In its brief, the government responds that the jury, in reviewing the circumstances as they appeared to the defendant at the time of the incident, should take into account his individual character and experience, provided his beliefs are those that an ordinary person could reasonably hold in the circumstances.

On balance, we think the government's position recognizes, within the bounds of reason, the materiality of a defendant's life experience and background as it bears on his rational perceptions; such evidence is therefore properly the basis of an appropriate instruction in a case of this kind.

In this instance, the supplemental instruction did not explicitly address the materiality of the defendant's life experiences

and background. Rather it was more general in tone. When considered with the other instructions as a whole, and the evidence presented, we conclude the jury was adequately informed of the law. Thus, any error was harmless.

*Affirmed.*