**Thomas D. NELSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88-405.**

District of Columbia Court of Appeals.

Argued July 12, 1989.

Decided Sept. 19, 1989.

Richard K. Gilbert, for appellant.

Erik P. Christian, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the briefs were filed, and Robert M. Morgan, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and SCHWELB, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant of one count of armed robbery, D.C.Code §§ 22-2901, 22-3202 (1989), one count of assault with a dangerous weapon, *id.* § 22-502, three counts of assault on a police officer while armed, *id.* §§ 22-505, 22-3202, and one count of carrying a pistol without a license, *id.* § 22-3204. Appellant claims on appeal that the trial court erred by refusing to instruct the jury, in accordance with appellant's request, that the question whether appellant had reason to believe his pursuers were police officers had to be answered from appellant's perspective. We affirm.

At trial, the government's evidence showed that appellant and an accomplice assaulted two men, Douglas Johnson and Wayne Davis, in a high drug sales area and demanded their money. After the robbery, a long chase began. The undercover police

officers testified that they shouted "halt" and "police" in four different instances: at the scene of the robbery; later, as appellant ran from the scene and crossed Rhode Island Avenue; still later, when appellant ran through a school yard; and, finally, when appellant was confronted and before he was shot by one of the police officers, ending the chase. During the chase, appellant shot three different times at different police officers and pointed his gun at the police officer who finally shot and subdued appellant.

Appellant testified that he and a friend had gone to buy some drugs. They bought a substance, purportedly cocaine, which, when tested, turned out not to be cocaine. Appellant and his friend returned to demand their money back. Appellant said that he ran away from the confrontation because he was afraid the drug dealers would come after him and that he kept running because he thought the drug dealers were chasing him. He specifically denied that he ever heard the police identify themselves.

At trial, appellant's counsel requested a self-defense instruction. Later, after this instruction was denied, appellant's counsel acknowledged that the only justification for appellant's use of force, in self-defense, would have been if the police had used excessive force. He then requested a modification of the instruction about assault on a police officer, asking the court to tell the jury it must adopt appellant's perspective when evaluating whether appellant knew or "had reason to know" he was assaulting police officers. This, too, was denied.

Appellant renews on appeal his argument that the factual dispute at trial over whether or not appellant heard the police officers identify themselves entitled him to a self-defense instruction. But he argues more emphatically, in the alternative, that the trial court erred by not modifying the instruction about assault on a police officer to focus the jury's attention on whether appellant, from his own perspective, had reason to know his pursuers were police officers. Appellant stresses that he could

be convicted of assault on a police officer only if he had reason to know his pursuers were the police based on information available to him at the time. Thus, he argues, absent the proposed modification, the jury might conclude that it could find the defendant had reason to know he was assaulting police officers based solely on what the police testified they had shouted, without taking into account what the defendant said he had heard.

■ We find no error. The factual dispute at trial was whether or not appellant "had reason to know" that the police and not some drug dealers were chasing him. We agree with appellant's concession at trial that a self-defense instruction would have been appropriate only if the police had used excessive force in arresting appellant. *See Jones v. United States*, 512 A.2d 253, 259 n. 8 (D.C.1986). Appellant does not claim that, under the circumstances, the police used excessive force. Thus, the only nonfrivolous issue on appeal is whether the instructions, as given, were adequate. *See Leftwitch v. United States*, 251 A.2d 646, 649 (D.C.1969).

■ To prove assault on a police officer, the government must prove the elements of assault "plus the additional element that the 'defendant knew or should have known' the victim was a police officer." *Petway v. United States*, 420 A.2d 1211, 1213 (D.C.1980) (quoting *Fletcher v. United States*, 335 A.2d 248, 251 (D.C. 1975)). The language of the actual instruction given to the jury, "whether the government [has] proven beyond a reasonable doubt that the defendant knew or had reason to believe that an officer in question was a police officer," *see also* Criminal Jury Instructions for the District of Columbia § 4.15 (3d ed. 1978), tracks this legal requirement and thus adequately explained the law to the jury. Clearly, this instruction encompassed appellant's defense theory that he did not know the persons chasing him were police officers. *See Stack v. United States*, 519 A.2d 147, 154–56 (D.C. 1986).[1]

1. Appellant relies on *Mathews v. United States,*     539 A.2d 1092 (D.C.1988), in arguing that the

Appellant remained free to argue his version of the facts to the jury: that despite the police officers' testimony he had not heard the police identify themselves, that under the circumstances he had no reason to believe his plainclothes pursuers were police officers, and that he therefore reasonably believed they were drug dealers. The trial court, however, was not required to articulate that possible version of events in the instructions given to the jury, any more than the court was required to spell out the government's version. *See Laughlin v. United States*, 128 U.S.App.D.C. 27, 34, 385 F.2d 287, 294 (1967), *cert. denied*, 390 U.S. 1003, 88 S.Ct. 1245, 20 L.Ed.2d 103 (1968). There was no error.

*Affirmed.*

instruction did not adequately inform the jury that it should evaluate from appellant's own perspective whether appellant had reason to believe that police were pursuing him. In *Mathews*, this court recently noted that the standard instruction for self-defense informs the jury that the defendant "could use necessary force to defend himself [or herself] based on his [or her] subjective perceptions of danger, subject to the constraint that his [or her] perceptions be reasonable under the circumstances." *Id.* at 1093 (citing Criminal Jury Instructions for the District of Columbia, § 5.13 (3d ed. 1978)). As to self-defense, therefore, the inquiry "is both subjective and objective"; it focuses on "the nature of appellant's own perceptions of the situation," limited by whether, under the circumstances, those perceptions were "reasonable." *Id.* Strictly speaking, *Mathews* is inapposite here because it concerns a defense (self-defense), not

an element of a crime (assault on a police officer). But, even if *Mathews* were relevant support for a general proposition that a defendant's own perceptions (subject to the limitation of reasonableness) must control before conviction for an assault on a police officer is warranted, the standard instruction on assault on a police officer, given here, met that test. The government was required to prove beyond a reasonable doubt that the defendant either "knew or had reason to believe that the complainant was a member of a police force operating in the District of Columbia." *See* Criminal Jury Instructions for the District of Columbia § 4.15 (3d ed.1978). This instruction adequately focused the jury's attention on the defendant's own perspective: whether he (not anyone else) had reason to believe his pursuers were the police. Accordingly, no further elaboration was necessary.