**Thomas D. NELSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 88–405.

District of Columbia Court of Appeals.

Sept. 14, 1990.

---

Richard K. Gilbert, Washington, D.C., for appellant.

Erik P. Christian, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the briefs were filed, and Robert M. Morgan, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and SCHWELB, Associate Judges.

## ORDER ON PETITION FOR REHEARING

PER CURIAM.

The petition for rehearing is granted. It is

ORDERED that the opinion and order in this case issued on September 19, 1989, 563 A.2d 1094, is hereby vacated; and

FURTHER ORDERED that the opinion and order issued this 14th day of September, 1990 is hereby substituted therefor as the decision in this case.

Before ROGERS, Chief Judge, and FERREN and SCHWELB, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant of one count of armed robbery, D.C.Code § 22–2901, –3202 (1989), one count of assault with a

dangerous weapon, *id.* § 22–502, three counts of assault on a police officer while armed, *id.* §§ 22–505, 22–3202, and one count of carrying a pistol without a license, *id.* § 22–3204. Challenging only his convictions for assault on a police officer while armed, appellant claims on appeal that the trial court erred by denying his request for a self-defense instruction and by refusing to instruct the jury, in accordance with appellant's request, that the question whether appellant had reason to believe his pursuers were police officers had to be answered from appellant's perspective. We affirm.

## I.

At trial, the government's evidence showed that appellant and an accomplice assaulted two men, Douglas Johnson and Wayne Davis, in a high-drug-sales area and demanded money. After the robbery, a long chase began. Several undercover police officers, one of whom had witnessed the robbery, testified that as they chased appellant they shouted "halt" and "police" in at least four different instances: at the scene of the robbery, later as appellant ran from the scene and crossed Rhode Island Avenue, still later when appellant ran through a school yard, and, finally, when appellant was confronted and before he was shot by one of the police officers, ending the chase. During the chase, appellant shot three different times at different police officers and pointed his gun at the police officer who finally shot and subdued appellant.

Appellant testified that he and a friend had gone to buy some drugs. They bought a substance, purportedly cocaine, which, when tasted, turned out not to be cocaine. Appellant and his friend returned to demand their money back. Appellant said

that he ran away from the confrontation because he was afraid the drug dealers would come after him and that he kept running because he thought the drug dealers were chasing him. He specifically denied that he ever heard the police officers identify themselves.

At trial, appellant's counsel requested several self-defense instructions premised on appellant's testimony that he was unaware his attackers were police officers. During discussion of this request, appellant's counsel acknowledged that if appellant had recognized his attackers as police officers, the only justification for appellant's use of force, in self-defense, would have been if the police had used excessive force. But counsel continued to stress two points that he believed entitled appellant to the usual self-defense instructions: first, appellant did not hear the police officers identify themselves; and, second, if the jury credited appellant's testimony that he actually believed drug dealers, not police officers, were chasing him, he was entitled to acquittal.[1] The court denied appellant's request. Counsel then requested a modification of the instruction about assault on a police officer, asking the court to tell the jury it must adopt appellant's perspective when evaluating whether appellant knew or "had reason to know" he was assaulting police officers. This, too, was denied.

With respect to the charge of assault on a police officer while armed, the judge instructed the jury as follows:

Now, the next four charges that you are to consider are four separate charges of assault on a police officer while armed with a dangerous weapon. So, let me tell you the essential elements of that offense, again each of which the Govern-

---

1. Appellant was particularly concerned with receiving Criminal Jury Instruction 5.15(B), which provides:

    If the defendant actually believed and had reasonable grounds to believe that he was in imminent danger of death or serious bodily harm and that deadly force was necessary to repel such danger, he would have been justified in using deadly force in self-defense, even though it may afterwards have turned out that

    the appearances were false. If these requirements are met he could use deadly force even though there was in fact neither purpose on the part of the other person to kill him or do him serious bodily harm, nor imminent danger that it would be done, nor actual necessity that deadly force be used in self-defense.
    Criminal Jury Instructions for the District of Columbia, No. 5.15(B) (3d ed. 1978).

ment must prove beyond a reasonable doubt.

First, that the complainant was a member of a police force operating in the District of Columbia. Secondly, that the defendant assaulted the complainant. Third, that at the time the defendant did so, he did so on account of or at a time when the complainant was engaged in the performance of his official duties.

Fourth, that at the time the defendant did so, he knew or had reason to believe that the complainant was a member of the police force operating in the District of Columbia. Fifth, that at the time the defendant did so, he intended to assault the complainant and, sixth, that at the time the defendant was armed with or had readily available a deadly or dangerous weapon.

\* \* \* \* \* \*

Now, it's up to you to decide whether the Government [has] proven beyond a reasonable doubt that the defendant knew or had reason to believe that an officer in question was a police officer.

If you have a reasonable doubt as to whether he did so believe or had reason to believe, then you must find the defendant not guilty as to that charge.

## II.

■ Appellant renews on appeal his argument that the factual dispute at trial over whether appellant believed the men chasing him were police officers entitled him to a self-defense instruction. We begin by noting that Congress has abolished the common law rule in this jurisdiction on the right to resist an unlawful arrest. *See* D.C.Code § 22–505 (1989); *see also Jones v. United States*, 512 A.2d 253, 259 n. 8 (D.C.1986); *Brown v. United States*, 274 A.2d 683, 684 n. 4 (D.C.1971) (dictum). This is true whether a defendant is charged with assault on a police officer, D.C.Code § 22–505 (1989), or with simple assault, *id.* § 22–504. *McDonald v. United States*, 496 A.2d 274, 276 (D.C.1985). It follows that, generally speaking, one cannot invoke the right of self-defense to justify assaultive behavior toward a police officer. This general statement, however, has two exceptions.

■ The first exception permits self-defense against a police officer who is using excessive force in carrying out official duties, whether the charge is simple assault or assault on a police officer. *See, e.g., Jones*, 512 A.2d at 259 n. 8 ("[s]elf-defense is not a valid defense to a charge of assault on a police officer unless the officer has used excessive force"). If the officer used excessive force and the defendant responded with force that was "reasonably necessary under the circumstances" for self-protection, the defendant will have acted with "justifiable and excusable cause" and the government will have failed to prove its case. Criminal Jury Instructions for the District of Columbia, No. 4.15 (3d ed. 1978); *see* D.C.Code § 22–505 (1989); *Jones*, 512 A.2d at 259 n. 8. Because appellant has not claimed that any of the police officers used excessive force, he was not entitled to a self-defense instruction under this exception.

■ A second exception comes into play when a defendant is charged only with simple assault, D.C.Code § 22–504 (1989), against a police officer complainant. In *Speed v. United States*, 562 A.2d 124 (D.C. 1989), we said:

[T]he trial court should instruct the jury that in order to prove simple assault when the victim is a police officer and the defendant raises the defense of self-defense, the government must prove beyond a reasonable doubt:

(a) That at the time of the alleged assault the complainant was a member of a police force operating in the District of Columbia, the defendant did know or had reason to know that the complainant was a member of such force, and the officer was engaged in official police duties; and (b) That the defendant assaulted the officer without justifiable and excusable cause; and that (c) [defining justifiable and excusable cause].

\* \* \* \* \* \*

The court should instruct the jurors that if they do not find that the government has met its burden of proof on (a), the defendant was entitled to defend himself or herself against the use of any force and instructions (b) and (c) are inapplicable to their determination. The court then should instruct on the general right of self-defense, explicitly informing the jury that the government bore the burden of proving beyond a reasonable doubt that appellant was not acting in self-defense.

562 A.2d at 129–30 (footnote omitted). Because appellant was not charged with simple assault, he was not entitled to a self-defense instruction under the *Speed* exception.[2]

■■■ This does not end the matter, however, for even when self-defense is not available to excuse or justify a defendant's assaultive conduct toward a police officer, the government must still prove every element of the charge against the defendant. If a defendant is charged with assault on a police officer, D.C.Code § 22–505 (1989), or is charged, as appellant was here, with assault on a police officer while armed, *id.* §§ 22–505, 22–3202, the government must prove that the defendant knew or had reason to know the victim was a police officer. As the trial court recognized and instructed the jury in this proceeding, if the jury credited appellant's testimony and found reasonable his belief that his pursuers were *not* the police, then appellant would have been entitled to an outright acquittal—even though he assaulted the officers—because the government would have failed to prove an element of the offense. *See, e.g., Fletcher v. United States*, 335 A.2d 248, 251 (D.C.1975) (that defendant knew or should have known complainants were police officers is element of offense). There accordingly would have been no need—or room—for a self-defense instruction under these circumstances because a defense, as such, would not have been relevant.

In sum, when the defendant is charged with assaulting a police officer (or assaulting an officer while armed), and no lesser-included charge of simple assault is before the jury, the general right of self-defense is unavailable unless the officer was using excessive force. On the other hand, a defendant cannot be held criminally liable on the charge of assaulting a police officer (or assaulting an officer while armed), irrespective of the force used, if the defendant did not believe, or have reason to believe, the complainant was a police officer.

In the present case, because the charge is limited to assault on a police officer while armed, without a lesser-included simple assault charge, and appellant does not claim that the police officers used excessive force, he has no basis for receiving the requested self-defense instructions.

### III.

■■■ We turn to appellant's other, closely-related contention, premised on his testimony that he believed the men chasing him were drug dealers, not the police. Appellant argues that the trial court erred by not modifying the instruction about assault on a police officer to focus the jury's attention on whether appellant, from his own perspective, had reason to know his pursuers were police officers. Appellant stresses that, under the law, he could be convicted of assault on a police officer only if he had reason to know his pursuers were the police based on information available to him at the time. Thus, he argues, absent the proposed modification, the jury might have been misled by the instructions and erroneously concluded it could find the defendant had reason to know he was assaulting police officers based solely on what the police testified they had shouted, without taking into account what the defendant said he had heard.

As discussed above, if the jury were to find that appellant did not believe, and did not have reason to believe, the complainants were police officers, he would be entitled to acquittal irrespective of the force he used. In instructing the jury, the trial court emphasized this point, stating three times that, in order for the jury to convict,

---

2. There was no lesser-included offense instruction given in this case, and appellant has not suggested at trial or on appeal that one should have been given.

the government must have proved beyond a reasonable doubt that appellant knew or had reason to know that the men at whom he fired shots were police officers. The court's instructions tracked this legal requirement and thus adequately explained the law to the jury. *See* Criminal Jury Instructions for the District of Columbia § 4.15 (3d ed. 1978). Moreover, the instructions encompassed appellant's defense theory that he did not know the persons chasing him were police officers. *See Stack v. United States,* 519 A.2d 147, 154-56 (D.C. 1986).[3]

Appellant remained free to argue his version of the facts to the jury: that, despite the police officers' testimony, he had not heard the police identify themselves, that under the circumstances he had no reason to believe his plainclothes pursuers were police officers, and that he therefore reasonably believed they were drug dealers. The trial court, however, was not required to highlight that possible version of events in the instructions given to the jury, any more than the court was required to spell out the government's version. *See Laughlin v. United States,* 128 U.S.App.D.C. 27, 34, 385 F.2d 287, 294 (1967), *cert. denied,* 390 U.S. 1003, 88 S.Ct. 1245, 20 L.Ed.2d 103 (1968). There was no error.

*Affirmed.*

---

**3.** In arguing that the instruction did not adequately inform the jury that it should evaluate whether appellant—from his own perspective—had reason to believe that police were pursuing him, appellant relies on *Matthews v. United States,* 539 A.2d 1092 (D.C.1988). In *Matthews,* this court recently noted that the standard instruction for self-defense informs the jury that the defendant "could use necessary force to defend himself [or herself] based on his [or her] subjective perceptions of danger, subject to the constraint that his [or her] perceptions be reasonable under the circumstances." *Id.* at 1093 (citing Criminal Jury Instructions for the District of Columbia, § 5.13 (3d ed. 1978)). As to self-defense, therefore, the inquiry "is both subjective and objective"; it focuses on "the nature of appellant's own perceptions of the situation," limited by whether, under the circumstances, those perceptions were "reasonable." Strictly speaking, *Matthews* is inapposite here because it

concerns a defense (self-defense), not an element of a crime (assault on a police officer). But, even if *Matthews* were relevant support for a general proposition that a defendant's own perceptions (subject to the limitation of reasonableness) must control before conviction for an assault on a police officer is warranted, the standard instruction on assault on a police officer, given here, met that test. The government was required to prove beyond a reasonable doubt that the defendant either "knew or had reason to believe that the complainant was a member of a police force operating in the District of Columbia." *See* Criminal Jury Instructions for the District of Columbia § 4.15 (3d ed. 1978). This instruction adequately focused the jury's attention on the defendant's own perspective: whether he (not anyone else) had reason to believe his pursuers were the police. Accordingly, no further elaboration was necessary.