Troy D. ROBINSON, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–701.

District of Columbia Court of Appeals.

Submitted Feb. 16, 1993.
Decided Nov. 8, 1994.

David C. Gray, appointed by this court, Washington, DC, for appellant.

Lori A. Green, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher and Thomas J. Tourish, Jr., and James R. Costello, Jr., Asst. U.S. Attys., were on the brief, for appellee.

Before WAGNER, Chief Judge,* and STEADMAN and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellant was indicted on one count of assault on a police officer ("APO").[1] After a jury trial, he was acquitted of APO but convicted of the lesser-included offense of simple assault.[2] On appeal, he contends that the trial court's instructions on the elements of the offense of simple assault and appellant's right of self-defense were erroneous. The government concedes error, in part, by the trial court with regard to certain of its instructions but essentially argues that any error in instructing the jury benefitted appellant and was thus harmless. We affirm.

## I.

Appellant became involved in an altercation with a uniformed officer of the Metropolitan Police Department as the officer frisked appellant's brother for suspected possession of drugs. There was conflicting testimony at trial about whether appellant struck the officer, whether the officer struck appellant for no apparent cause, and whether appellant was under arrest or thought he was under arrest. Appellant's defense was that he acted in self-defense.

The trial court instructed the jury on APO and, as requested by appellant, on the lesser-

---

* Former *Chief Judge* ROGERS was a member of the division in this case. After her departure from the court, *Associate Judge* WAGNER was selected by lot to replace her. On June 14, 1994, Associate Judge Wagner's status changed to *Chief Judge.*

1. D.C.Code § 22–505 (1989).

2. D.C.Code § 22–504 (1989).

included offense of simple assault. The court also advised the jury of appellant's limited right of self-defense as a defense to APO and the general right of self-defense as a defense to simple assault. In the course of defining simple assault, however, the trial court stated that if the jury found that appellant did not know that the person he assaulted was a police officer engaged in his official duties (an element of APO), he should be acquitted of both APO and simple assault. During deliberations, the jury sent a note to the trial judge requesting to be reinstructed on the elements of the two offenses. Again, the trial court defined simple assault using elements from APO. Unlike the initial final instructions, however, the trial court erroneously stated in its reinstructions to the jury that, as to both offenses, appellant enjoyed a general right of self-defense. The jury subsequently found appellant not guilty of the APO charge and guilty of the offense of simple assault.

## II.

■ Appellant contends that we must review for constitutional error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), because he was denied due process by the trial court's erroneous instructions. Appellant, however, did not object to the challenged instructions at trial and raises these instructional errors for the first time on appeal. Because instructional errors are not reversible *per se, see White v. United States*, 613 A.2d 869, 879 (D.C.1992) (en banc), appellant's failure to raise any objections below restricts the scope of our review to plain error. *Curington v. United States*, 621 A.2d 819, 821 (D.C.1993); *Allen v. United States*, 495 A.2d 1145, 1151 (D.C. 1985) (en banc).[3]

■ As set forth in Super.Ct.Crim. Rule 30, "no party may assign as error any portion of the charge or omission therefrom unless

that party objects thereto before the jury retires to consider its verdict." Rule 30 is equally applicable to reinstructions given by the trial court once the jury has begun its deliberations; therefore, objections to reinstructions must be made before the jury resumes deliberations. *Deneal v. United States*, 551 A.2d. 1312, 1316–17 (D.C.1988). The purpose of these guidelines for challenging jury instructions is "to give the trial court the opportunity to correct errors and omissions which otherwise might necessitate a new trial, thus discouraging counsel from purposefully withholding objections." *Id.* at 1316. Consequently, an appellant's failure to comply with Rule 30 "inevitably triggers plain error review." *Allen, supra*, 495 A.2d at 1151. Thus, plain error review makes noncompliance with Rule 30 particularly costly "by necessitating a greater showing of harm than that required to obtain relief under the harmless error standard." *Id.*

■ Under the very stringent plain error doctrine, reversal is warranted "only in exceptional circumstances 'where a miscarriage of justice would otherwise result.'" *Harris v. United States*, 602 A.2d 154, 159 (D.C.1992) (en banc) (citing *United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982)). Appellant therefore "bears the heavy burden of showing that the [jury] instructions as given 'were so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial.'" *Allen, supra*, 495 A.2d at 1152 (quoting *Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc)). For the following reasons, we conclude that appellant has not met this burden.

## III.

Appellant contends that the trial court's instructional errors prevented the jury from considering his claim to a general right of

---

3. This is not a case involving the omission of an element of an offense, as in *White v. United States, supra*, 613 A.2d at 871. Rather it is, as will be demonstrated, the defining of a lesser-included offense by the trial court in terms more restrictive on the government than warranted. Since the giving of instructions on lesser-included offenses is at the option of the parties, *see*

*Bostick v. United States*, 605 A.2d 916, 920 (D.C. 1992), and here appellant requested the lesser-included instruction, he can hardly complain for the first time on appeal that the terms of the lesser included are not precisely as he wished, at least where, as here, the instructions as given in fact incorporate forth an offense under the law.

self-defense separately and distinctly from a claim to a limited right of self-defense. He further argues that the trial court erroneously charged the jury both in the original instructions and on reinstruction that an essential element of the lesser-included offense was a finding that the complainant officer was engaged in official police duties. While we agree with appellant that the trial court erred both in defining simple assault and in articulating the two standards of self-defense applicable to his case, we are not persuaded that these errors, which benefitted appellant, warrant reversal.

■ "[G]enerally speaking, one cannot invoke the right of self-defense to justify assaultive behavior toward a police officer." *Nelson v. United States*, 580 A.2d 114, 117 (D.C.1990) (on rehearing).[4] This rule is subject to two relatively narrow exceptions. First, where a defendant is charged with the felony offense of assault on a police officer, a limited right of self-defense arises when the defendant presents evidence that the officer has used excessive force in carrying out his duties. *Id.* Under this exception, if the defendant responded to the officer's excessive force with force that was " 'reasonably necessary under the circumstances' for self-protection," then the defendant acted with justifiable and excusable cause. *Id.* Therefore, the jury is instructed that:

> Once a defendant raises the defense of justified self-defense, the government then bears the burden to prove beyond a reasonable doubt that the defendant was *not* acting with justification or legal right. To carry this burden ... the government must prove the predicate facts limiting the defendant's right to defend himself or herself were present: that the victim was a police officer; that the officer was engaged in official duties at the time of the assault; and that the officer was not using excessive force.

**4.** Nelson was indicted for APO while armed and no instruction on a lesser-included charge was requested or given. *Nelson, supra*, 580 A.2d at 118. We held that he was not entitled to a self-defense instruction. *Id.*

**5.** We recognize that the current APO criminal jury instruction in fact speaks to the very circum-

*Speed v. United States*, 562 A.2d 124, 128–29 (D.C.1989).

■ The second exception arises where a defendant charged only with the misdemeanor offense of simple assault invokes the right of self-defense against a police officer complainant. *Speed, supra*, 562 A.2d at 129. Under this exception, also referred to as the *Speed* exception, once the defendant has raised the defense of self-defense, the government then bears the burden of proving beyond a reasonable doubt that, at the time of the assault, the complainant was an officer engaged in official duties and that the defendant did not act with justifiable and excusable cause. The trial court should instruct the jury that, if the government fails to prove these facts, the defendant was entitled to defend against the use of any force under a general right of self-defense. *Speed, supra*, 562 A.2d at 129.

> The court should instruct the jurors that if they do not find that the government has met its burden of proof [that the assault victim was a police officer], the defendant was entitled to defend himself or herself against the use of any force and instructions [on justifiable and excusable cause] are inapplicable to their determination [of simple assault]. The court then should instruct on the general right of self-defense....

*Id.* at 130.

■ The present case falls somewhere between *Speed and Nelson*, thereby presenting a particularly difficult task for the trial court in discerning the applicable standard.[5] In reviewing the instructions given by the trial court, we hold that the instructional errors are two-fold, arising first in the instruction on the lesser-included offense of simple assault, and, in the second instance, during the court's instructions on appellant's right of self-defense. While initially the trial judge did correctly instruct the jurors on the

stances presented by this case and resolves therein the issue of the applicable standards. This revised instruction, however, was not in effect at the time of appellant's trial. The trial judge, therefore, did not have the benefit of its guidance. *See* Criminal Jury Instructions for the District of Columbia, No. 4.11 (4th ed. 1993).

six elements of felony APO and the attendant limited right of self defense, the trial court erred in defining the elements of the lesser-included offense of simple assault. In defining simple assault, both in the initial final instructions and on reinstruction, the trial court erroneously instructed the jurors that, where the complainant is a police officer, the government must also prove that "the complainant, at the time of the assault, was a member of the police force, operating in the District of Columbia, and that at the time of the acts, the defendant knew or had reason to believe the complainant was a member of the police force, engaged in official police duties."

■■■ While this showing is required to prove felony APO, the government is not required to prove as an additional element of simple assault that the complainant was a police officer engaged in official duties. The court in effect instructed the jurors on a non-existent hybrid offense, simple assault on a police officer, under which the government was required to prove both simple assault elements and APO elements for the lesser-included offense. In fact, the court stated on reinstruction to the jurors that "the simple assault in this case isn't just a matter of simple assault. It is simple assault on a policeman, which is different from a felony assault on a policeman." *Speed* and *Nelson*, however, assuredly do not stand for the blanket proposition that the government must prove additional simple assault elements when the complainant is a police officer. Where, as here, the defendant is charged with APO and requests an instruction on the lesser-included offense of simple assault, the offenses of simple assault and felony APO remain separate and distinct, and the general right of self-defense applies only to the offense of simple assault.[6]

■■■ The trial court further erred in its reinstructions by stating that the general right of self-defense was applicable to both offenses and that the government had to prove beyond a reasonable doubt that the defendant had not acted in self-defense. The

jury should have been instructed in both instances that appellant enjoyed a limited right of self-defense as to the APO charge and that if the government failed to prove that the complainant was a police officer engaged in official duties at the time of the assault, thereby failing to prove its APO case, appellant was entitled to a general right of self-defense as to the lesser-included offense of simple assault. The trial court's errors created a greater burden of proof for the government and gave appellant the benefit of a considerably favorable instruction. Appellant complains that because of these errors, the jury did not consider his general right of self-defense apart from the limited right arising under APO. Even assuming this contention is correct, however, the errors did not deprive appellant of a substantial right.

## IV.

Accordingly, we affirm appellant's conviction for simple assault because the trial court's instructions, though erroneous, did not rise to the level of a miscarriage of justice warranting reversal. While the fact that appellant benefitted from the errors does not render the instructions any less erroneous, this fact is critical to the determination of whether the errors resulted in such prejudice as to require reversal under plain error analysis. The errors in the instructions did not prejudice appellant in any manner: appellant was afforded a greater right of self-defense than that to which he was entitled under the law. He was ultimately acquitted of the charge of APO, and, as to the lesser-included offense of simple assault, the jury was instructed that the government had to prove an additional element that is not required to sustain a conviction for simple assault, that is, that appellant knew the person assaulted was a police officer engaged in official police duties. Consequently, appellant's chance for acquittal was enhanced by the instruction that the jury should acquit appellant of both APO and simple assault if it

---

**6.** Where the only offense charged is simple assault under D.C.Code § 22–504, the government is, of course, as part of the instructions on that offense, entitled to the limited self-defense instruction as set forth in *Speed*.

found that appellant did not know that the complainant was a police officer.

Because appellant failed to object to the erroneous instructions at trial, and indeed, affirmatively acknowledged his satisfaction with the instructions, applying a plain error standard, we cannot conclude that his conviction for misdemeanor simple assault should be reversed. *See White, supra,* 613 A.2d at 879; *Curington, supra,* 621 A.2d at 822; *cf. Cash v. United States,* 648 A.2d 964, 965 (1994) (per curiam) (reversible error where trial court erroneously instructed jury on misdemeanor offense of simple possession of controlled substance, instead of felony possession with intent to distribute controlled substance, and jury convicted defendant of felony offense). "The defendant's burden in plain error cases is, and should be a formidable one." *Hunter v. United States,* 606 A.2d 139, 144 (D.C.), *cert. denied,* —— U.S. ——, 113 S.Ct. 509, 121 L.Ed.2d 444 (1992). We affirm appellant's conviction.

*So ordered.*