Jerrell Jeffrey TYSON, Appellant

v.

UNITED STATES, Appellee.

No. 10–CM–483.

District of Columbia Court of Appeals.

Submitted Sept. 14, 2011.

Decided Nov. 3, 2011.

David Vega, Washington, DC, appointed by the court, was on the brief for appellant.

Ronald C. Machen, Jr., United States Attorney, and Roy W. McLeese, III, and Ben Eisman, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER, Associate Judge, and NEWMAN and TERRY, Senior Judges.

TERRY, Senior Judge:

After a non-jury trial, appellant was convicted of misdemeanor assault on a police officer ("APO").[1] On appeal from that conviction, he argues that the trial court erred in not making a specific finding as to the defense of justifiable or excusable cause, even though he never requested such a finding. We hold that the court committed no error and accordingly affirm the conviction.

## I

Appellant was charged by information with APO, unlawful entry, and disorderly conduct. The government dismissed the unlawful entry charge before trial. At the end of the trial, the court granted appellant's motion for judgment of acquittal on the disorderly conduct charge but found him guilty on the APO charge. The court sentenced appellant to ninety days in jail; execution of the sentence was suspended, and appellant was placed on probation for one year.

The charges against appellant arose from events that occurred at the Gallery Place Metro station shortly after 8:00 p.m. on Saturday, January 16, 2010. Metro Transit Police Officer Gregory Holloway testified that he had noticed appellant loitering in and around the Metro station for about thirty minutes or so. When he saw appellant approach another young man, Holloway believed that the two men were going to have a physical altercation, so Holloway told appellant to leave the area. Appellant walked away but returned within five minutes. Holloway, along with Metro Transit Police Officer Logan Kent, again instructed appellant to leave. Appellant then became combative and started shouting at the officers.

When Officer Kent tried to place appellant under arrest, appellant began to struggle. Both officers then grabbed appellant's arms and forced him to the ground. Appellant continued to struggle, flailing and kicking against Officer Kent. Kent struck appellant with his hands and knees, and Holloway struck appellant twice in the legs with his baton.

The defense presented two witnesses who offered a different version of what happened. Appellant and his friend Dominique Dean both testified that the police officers had knocked appellant down without warning and that appellant had not resisted the arrest. Appellant also stated that the officers did not ask him to leave before they arrested him.

## II

Appellant argues that the trial court erred by not specifically making a finding on whether he had "justifiable or excusable cause" to resist Officer Kent. Specifically, he argues that he preserved this claim when his counsel referred to Officer Kent's actions as a "a very violent assault upon my client." Counsel, however, did not request specific findings on this defense.[2]

---

1. D.C.Code § 22–405(b) (2011 Supp.).

2. Appellant is represented by different counsel on appeal.

He further maintains that even if we consider this case under a plain error standard, the trial court committed plain error by failing to consider the defense of justifiable or excusable cause. Appellant's argument lacks merit because (1) he did not preserve his right to specific findings, and (2) the trial court's findings show that the court properly considered whether appellant's actions were justified and concluded that they were not.

■ We note in any event that a defense claim of "justifiable or excusable cause" is specifically barred by statute when the defendant is charged with assault on a police officer. D.C.Code § 22–405(d) (2011 Supp.), part of the APO statute, provides:

> It is neither justifiable nor excusable cause for a person to use force to resist an arrest when such an arrest is made by an individual he or she has reason to believe is a law enforcement officer, whether or not such arrest is lawful.

Thus we have held that, "generally speaking, one cannot invoke the right of self-defense to justify assaultive behavior toward a police officer." *Nelson v. United States,* 580 A.2d 114, 117 (D.C.1990). In *Nelson* we recognized two exceptions to this general rule, one of which "comes into play when the defendant is charged only with simple assault ... against a police officer complainant," *id.* (citation omitted). and is therefore not pertinent here because appellant was not charged with simple assault. The other exception requires the defense to make a showing that the officer used "excessive force" and that the defendant "responded with force that was reasonably necessary under the circumstances for self-protection...." *Id.* (citations and internal quotation marks omitted). Thus appellant's present claim of justifiable or excusable cause must be interpreted as a claim that he was defending himself against the officers' use of "excessive force."

■ In a bench trial, such as this one, "the Court shall make a general finding and shall in addition, on request made before the general finding, find the facts specially." Super. Ct.Crim. R. 23(c). This court has repeatedly held that when special findings are not requested, the trial court is "not required to make them." *Markowitz v. United States,* 598 A.2d 398, 407 n. 9 (D.C.1991). Indeed, when a request for special findings is not timely made, the right to such findings is generally regarded as having been waived. *Bond v. United States,* 233 A.2d 506, 510 (D.C. 1967). Recently this court recognized an exception to that general rule and held that failure to request special findings is not an automatic barrier to a remand "for a determination on the existing record *of the theory on which the trial court relied* in finding [the defendant] guilty of the APO charge." *Jones v. United States,* 16 A.3d 966, 971 (D.C.2011) (emphasis added). But *Jones* applies only when alternate theories of liability are proposed by the government, a general finding is rendered, the trial court makes no credibility determination, and at least one theory of liability is later held to be improper or legally incorrect. *Id.* at 970–972. The instant case does not meet the *Jones* requirements.

■ On the authority of *Bond* and subsequent cases, we hold that appellant waived his right to special findings by failing to make a timely request. Unlike in *Jones,* there is no risk here that the trial court convicted appellant on legally insufficient facts because the testimony credited by the court supports appellant's conviction (and appellant does not contend otherwise). Even if we were to conclude that appellant's entitlement to specific findings was not waived, his failure to request such findings means that he must

demonstrate plain error in order to prevail on appeal. To establish plain error, appellant must show that there was (1) an error, (2) which is plain, meaning "clear" or "obvious," and (3) which affects his "substantial rights." *United States v. Olano*, 507 U.S. 725, 732–734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If all three of these requirements are met, appellant must also show that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736–737, 113 S.Ct. 1770. Appellant fails to meet any part of this test. Under Rule 23(c), the trial court was not required at all to make specific findings without a request to do so, and therefore it committed no error whatsoever, let alone an error that was "clear" and affected his "substantial rights."

Finally, even without a specific finding on whether appellant was acting in self-defense against the officers' use of excessive force, the trial court's comments show that the court considered this question. Appellant and Dean both testified that the officers used force against appellant and that he did not resist. The court expressly disbelieved this testimony, and thus necessarily rejected any claim of excessive force on the officers' part. As the court said in its extensive oral findings:

> So really, it's a straight credibility situation, because if I believe the police, then clearly it's an assault on a police officer. If I believe the defendant and Mr. Dean, then clearly it's not.

After explaining at some length why it chose to believe the testimony of the police officers rather than the defense witnesses, the court stated:

> So I do credit the officers, and therefore I do find that the defendant resisted Officer Kent, and that he did so voluntarily and on purpose, not by mistake or accident. And therefore, having found the other elements, I find the defendant guilty of assault on a police officer.

The court also noted that "probably from Mr. Dean's perspective [the officers' actions] did seem excessive, but the bottom line is the defendant didn't have the right to resist." *See* D.C.Code § 22–405(d). These statements show that the trial court did in fact consider whether appellant had established that the officers acted with excessive force, and concluded that he had not.

The judgment of conviction is

*Affirmed.*