*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

No. 12-CM-1213

EDWIN CHEEK, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(CMD-6663-12)

(Hon. Yvonne Williams, Trial Judge)

(Submitted January 8, 2014     Decided November 20, 2014)

*James E. Drew* was on the brief for appellant.

*Ronald C. Machen Jr.*, United States Attorney, and *Anne Park*, *Elizabeth Trosman*, *Chrisellen R. Kolb* and *Benjamin Brooks*, Assistant United States Attorneys, were on the brief for appellee.

Before THOMPSON and EASTERLY, *Associate Judges*, and NEBEKER,[*] *Senior Judge*.

NEBEKER, *Senior Judge*: The trial court found appellant Edwin Cheek guilty

of one count of misdemeanor assault on a police officer ("APO"), in violation of

D.C. Code § 22-405 (b) (2012 Repl.). Appellant appeals his APO conviction on

---

[*] Senior Judge Schwelb recused from this appeal, after it was submitted; due to illness, he passed on August 13, 2014, and was replaced by Senior Judge Nebeker.

the grounds that the government failed to set forth sufficient evidence to support the conviction and that his speech was protected by the First Amendment. For the reasons stated below, we affirm.

**I.**

On April 16, 2012, Metropolitan Police Officers Blier and Jones were patrolling in a marked police vehicle in the 1100 block of Mt. Olivet Road, N.E., when they observed two girls who appeared to be fighting in the street with a "large, disorderly crowd of 20-30 people in the middle of the street watching." As the officers approached, one of the girls attempted to run and Officer Blier placed her in handcuffs and began questioning her when a woman whom the officer knew to be mentally ill approached him and began yelling. Officer Blier told the woman to get off the street so she wouldn't get hit by a car, and she walked away. Appellant then approached the officer, yelling at him, cursing, and staggering, upset over how the officer had treated the woman. He "appeared to be extremely intoxicated" and did not heed Officer Blier's repeated orders to back up, moving away only when another citizen led him away from the scene.

Several minutes later appellant returned to the scene where Officer Blier was questioning the girl he had arrested. He approached the officer, screaming and cursing, and again he repeatedly ignored Officer Blier's orders to back up. Margaret Williams, a neighborhood resident, witnessed appellant asking the officer why he had slammed the girl down to the ground, and thereafter the officer arrested appellant for interfering with the investigation.

Following a bench trial on July 19, 2012, the trial court found appellant guilty of assault on a police officer ("APO") in violation of D.C. Code § 22-405 (b) (2012 Repl.) for "interfering" with Officer Blier's investigation of the fight. Appellant was sentenced to 180 days of incarceration, with execution suspended to supervised probation for one year and a $50 assessment. On July 23, 2012, appellant filed a timely notice of appeal.

## II.

Appellant argues that the evidence was insufficient to support his APO conviction. We view the evidence in the light most favorable to the government, and will reverse a conviction for insufficient evidence only where the government has failed to present evidence from which a reasonable mind might fairly infer

guilt beyond a reasonable doubt. *See, e.g.*, *Smith v. United States*, 837 A.2d 87, 91-97 (D.C. 2003). The APO statute states,

> Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with a law enforcement officer on account of, or while that law enforcement officer is engaged in the performance of his or her official duties shall be guilty of a misdemeanor and, upon conviction, shall be imprisoned not more than 180 days or fined not more than the amount set forth in § 22-3571.01, or both.

D.C. Code § 22-405 (b) (2012 Repl.).

We have held that to violate the APO statute, the conduct "must go beyond speech and mere passive resistance or avoidance, and cross the line into active confrontation, obstruction or other action directed against an officer's performance in the line of duty." *In re C.L.D.*, 739 A.2d 353, 356-57 (D.C. 1999). Whether conduct meets the "active and oppositional" standard requires "an intensely factual analysis." *In re C.L.D.*, 739 A.2d at 357. To establish the general intent necessary for an APO violation, the government need only show that appellant "inten[ded] to commit the proscribed act." *Fogle v. United States*, 336 A.2d 833, 835 (D.C. 1975) (citation omitted). We are mindful that the statute "plainly seeks to

deescalate the potential for violence which exists whenever a police officer encounters an individual in the line of duty." *In re C.L.D.*, 739 A.2d at 355.

Here, appellant approached Officer Blier as he was speaking with an arrestee and conducting an investigation of a violent fight. Appellant appeared "extremely" intoxicated as he approached the officer from behind, yelling and cursing. He was within ten feet of the officer and repeatedly disregarded his orders to back up. Appellant's conduct was sufficiently disruptive, that appellant was eventually led away by a fellow citizen bystander. Nevertheless, appellant angrily returned to the already "contentious" scene and repeated the conduct. There was "so much going on" and "so much noise" that with only two officers present to control the "large disorderly crowd" of "20 to 30 people," Officer Blier "had to have [his] head on swivel to observe every direction to make sure no one approached [him] or came up and tried to start an altercation." The crowd was angry and aggressive, and when appellant returned to the scene, the officer feared that appellant was "adamant about doing something." Officer Blier felt "threatened" and "distracted," and was concerned for his safety, that of his partner, and the girl he had in handcuffs. His ability to ensure their safety and conduct an investigation of the fight was severely impeded by appellant's repeated conduct.

Appellant's conduct crossed the line from passive to "active and oppositional" conduct, which we have found sufficient to constitute an APO violation. This case, therefore, is distinguishable from those involving passive conduct where defendants have failed to follow police orders through inaction or by trying to remove themselves from a situation. *See In re C.L.D.*, 739 A.2d at 357-58; *Howard v. United States*, 966 A.2d 854, 856 (D.C. 2009). In *In re C.L.D.*, for example, we found that the behavior at issue was passive where the defendant was a high school student found outside the school after classes had begun, and he "refused to identify himself" to a police officer and "started to walk away" after the officer directed him to remain. *In re C.L.D.*, 739 A.2d at 354. We also held that the defendant's behavior in *Howard v. United States* was similarly passive where she "failed to take her hands out of her pockets despite a lawful order to do so" by police. *Howard*, 966 A.2d at 856-57. Unlike in these cases, appellant's conduct was active and oppositional as he repeatedly and aggressively came at Officer Blier from behind in the midst of an angry mob, despite repeated orders not to do so, as the officer attempted to conduct an investigation and protect himself and those around him.

**III.**

Appellant raises a First Amendment claim for the first time on appeal, alleging that the APO conviction violated his First Amendment right of free speech. Appellant, however, was not arrested and charged for his speech but rather his conduct which went beyond yelling, cursing, and questioning, crossing the line from speech into active confrontation that interfered with the officer's investigation. Therefore, the trial court's failure to consider, *sua sponte*, a First Amendment claim was not plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993)).

Appellant also notes that he was "attempting to question . . . [the] police officer[ ] about his treatment of a young girl," perhaps implying that his conduct falls under the statutory exception of "justifiable and excusable cause" embodied in D.C. Code § 22-405 (b) (2012 Repl.). Appellant, however, makes no such argument and the exception is unavailing in any event. Officer Blier was dealing with a hostile crowd and a staggering drunken intervener who approached him from his rear with additional cacophony. Furthermore, this statutory exception has generally been associated with using "self-defense against a police officer who is using excessive force in carrying out official duties." *Nelson v. United States*, 580 A.2d 114, 117 (D.C. 1990); *See, e.g.*, *Henson v. United States*, 55 A.3d 859, 869 (D.C. 2012); *Tyson v. United States*, 30 A.3d 804, 807 (D.C. 2011). Appellant

does not raise any issue of self-defense, but rather seems to imply that he was acting in defense of others through trial witness Margaret Williams who testified that the officer "slammed one of the[ ] young ladies down real hard," and appellant questioned the officer about this conduct. We have not addressed whether defense of others is sufficient to satisfy the APO "justifiable and excusable cause" exception. This defense, however, is of no consequence in the instant case as appellant failed to establish the requisite elements. Appellant did not testify and there is no record indicating whether appellant "reasonably and actually believed that the [ ] [girl in handcuffs] had a right of self-defense." *Rude v. Adeboyeku*, 552 F. Supp. 2d 32, 35 (D.D.C. 2008) (citing *Frost v. United States*, 618 A.2d 653, 661 (D.C. 1992)). In sum, we do not find that appellant acted with "justifiable and excusable cause."

Given the facts in this case, we conclude that there was sufficient evidence to support appellant's APO conviction. Accordingly, the judgment of the trial court is hereby

*Affirmed*.