*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-CM-331

MAURICE COLEMAN, APPELLANT,

v.

UNITED STATES, APPELLEE.

FILED **10/11/2018**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court of the
District of Columbia
(CMD-11325-16)

(Hon. Kimberly S. Knowles, Trial Judge)

(Argued June 14, 2018                    Decided October 11, 2018)

*Fletcher P. Thompson* for appellant.

*Katherine M. Kelly*, Assistant United States Attorney, with whom *Jessie K. Liu*, United States Attorney, and *Elizabeth Trosman* and *John P. Mannarino*, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and FISHER, *Associate Judges*, and WASHINGTON, *Senior Judge*.

WASHINGTON, *Senior Judge*: Appellant Maurice Coleman was convicted in a bench trial of three counts of simple assault on three Metropolitan Police Department ("MPD") officers, in violation of D.C. Code § 22-404 (a)(1) (2012 Repl.). Appellant urges this court to find that, in passing the Neighborhood

Engagement Achieves Results Act ("NEAR Act"), the District of Columbia Council implicitly intended to limit prosecutorial discretion by requiring the government to charge defendants who assault police officers with a jury-demandable offense. In the alternative, appellant argues that, as a sanction for the exercise of that discretion, he is entitled to use a broad self-defense argument, as though the complainants were ordinary citizens and not police officers.[1] Finding no support for this interpretation of the NEAR Act in its plain language or legislative history, or for appellant's claim of a right to use self-defense in response to the officers' conduct, we affirm.

## I.

On July 19, 2016, appellant was approached in his vehicle by three police officers for excessive window tint, in violation of D.C. Code § 50-2207.02 (a)(1) (2012 Repl.). The officers described appellant as "agitated" and "irate" and initially resistant to any attempts by officers to investigate the violation. After

---

[1] Appellant also alleges that he was entitled to a claim of limited self-defense as "the police had been aggressive before the altercation and [appellant] was in fear" because he had been "accosted by three armed police officers" who "threatened to arrest him" and "grabbed him in an effort to get him to comply with their demands."

appellant exited the vehicle[2] and ignored one officer's verbal request to step to the rear of the vehicle so he was no longer standing in the street, one of the officers attempted to guide him by placing his hand on appellant's elbow, which appellant shrugged off. When the officer grabbed his elbow again, appellant began flinging his arms, which struck one of the officers in the jaw and another one in the back of the head. In an attempt to regain control of the situation, the officers worked together to effectuate a "tactical takedown," during which appellant tore the third officer's uniform.

Prior to trial, appellant filed a motion seeking a jury trial. The prosecutor in this case, however, elected to charge appellant with simple assault, a lesser-included charge of assault on a police officer ("APO"), the charge for which he was arrested.[3] The trial judge thus denied appellant's motion for a jury trial concluding simple assault is not a jury demandable offense. Appellant then asserted a right to argue that he was acting in self-defense.[4] The court denied the

---

[2] One of the officers explained that it was "safer" for the officers to run the tint test with the operator outside of the vehicle.

[3] We note that APO is jury-demandable by virtue of its maximum possible punishment of six months, while the lesser-included simple assault, punishable by a maximum on 180-days, is not. *See* D.C. Code § 16-705 (2012 Repl.).

[4] This claim was framed as a sanction on the government for exercising its

(continued…)

broad self-defense claim but held the limited self-defense claim in abeyance, pending any evidence of excessive force produced at trial.

Appellant was found guilty on all three counts. In so finding, the trial judge relied on the body camera footage, the officers' testimony, and photographs of the officers' injuries, noting that appellant possessed a different state of mind than he claimed at trial[5] and thus, found that appellant was not entitled to a limited self-defense claim.[6]

## II.

Whether defendants who are charged with simple assault when the victim is a police officer are entitled to assert a broad right to self-defense is a question of

(…continued)
prosecutorial discretion to charge a non-jury demandable crime and would, in effect, treat the interaction as though the officers were ordinary people (i.e. not persons who were privileged to investigate the tint violation or engage with appellant in any way).

[5] Appellant was not "scared or humiliated," but instead "annoyed, pissed," despite "police [] trying to explain [the reason for the stop] to him," and "angry."

[6] The judge saw "absolutely no excessive force" and appellant was "the one who became aggressive and started this. And he is the one who escalated it into a physical confrontation" by punching the officer who was trying to guide appellant to the back of the vehicle.

law reviewed *de novo*. *See Wynn v. United States*, 80 A.3d 211, 217 (D.C. 2013) (statutory interpretation issue subject to *de novo* review); *Newby v. United States*, 797 A.2d 1233, 1239 (D.C. 2002) (whether simple-assault statute applies to conduct, and issues regarding the legal parameters of an affirmative defense, are reviewed *de novo*).

## III.

In 2017 the Council of the District of Columbia passed the NEAR Act ("Act") which amended the statute prohibiting APO due to a concern that the statute was over inclusive. COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON THE JUDICIARY, REPORT ON BILL 21-0360, THE NEIGHBORHOOD ENGAGEMENT ACHIEVES RESULTS AMENDMENT ACT OF 2016 ("NEAR REPORT"), at 10 (Jan. 28, 2016) ("Wiggling while handcuffed, bracing one's hand on the steering wheel during an arrest, and even yelling at an officer have all led to cases in which individuals were prosecuted for 'assaulting a police officer' (APO)."). Former Police Chief Lanier acknowledged that "[t]he language is so broad . . . [it] allows for too many things to fit into that category." NEAR REPORT at 11. To address this concern, the bill created "separate offenses for 'assault on a police officer' and 'resisting arrest,'" and increased the penalties for resisting arrest and misdemeanor

APO to make them jury demandable. *See* D.C. Code § 16-705 (b)(1)(A) (2012 Repl.) (granting a jury trial where the maximum punishment is more than 180-days); NEAR REPORT at 16 (noting these offenses were made "jury-demandable due to the overwhelming number of states that have attached significant jail time to their APO statute").

### A. Prosecutorial Discretion

At trial, appellant's counsel conceded that the government had the discretion to "choose not to paper APO" and to "charge simple assault," and did not allege any improper motive on the part of the prosecutor. However, on appeal, appellant's contention appears to be that the NEAR Act intended to limit this discretion by requiring an APO charge when the victim is a police officer. Because the prosecutor acted contrary to this intent, appellant argues, a sanction is necessary by permitting him to claim self-defense as though the victims' statuses as police officers were irrelevant.

Neither the plain language of the Act nor the legislative history captured in the NEAR REPORT, discuss limiting the charging decisions of the government, or expanding the scope of a self-defense claim when a police officer is involved. This

court has long recognized that there is a limited right of self-defense when a citizen is engaged with a police officer and neither the facts of this case, nor the legislative history of the NEAR Act, support reconsideration of those standards. *Nelson v. United States*, 580 A.2d 114, 117 (D.C. 1990). To the contrary, our decisions, as well as those of other courts of competent jurisdiction, recognize the appropriateness of a limited right of self-defense in interactions with the police because of the role police officers play in maintaining peace in our communities. *Arizona v. Johnson*, 555 U.S. 323, 330 (2009) (recognizing "that traffic stops are 'especially fraught with danger to police officers'") (quoting *Michigan v. Long*, 463 U.S. 1032, 1047 (1983)); *People v. Troiano*, 341 N.Y.S.2d 858, 862 n.5 (N.Y. App. Div. 1973); *Commonwealth v. Reed*, 19 A.3d 1163, 1166-67 (Pa. 2011). Whether the government chooses to charge unlawful conduct against police officers under one statute or another does not alter that fundamental truth.

Because the prosecutor is granted broad discretion in charging decisions and there is no indication that the NEAR Act was intended to affect the breadth of that discretion, we see no basis for concluding that there was any intent to restrict the government's charging authority as a quid pro quo for narrowing the scope of the Act. Thus, we conclude that appellant was not entitled to a jury trial based on the NEAR Act, and as such, his request for broad self-defense as a sanction must also

be denied.

**B. Self-Defense**

It is well-settled in this jurisdiction that the use of self-defense is unavailable against a police officer unless "excessive force [is used] in carrying out official duties."[7] *Cheek v. United States*, 103 A.3d 1019, 1022 (D.C. 2014) (quoting *Nelson*, 580 A.2d at 117). This court has held that simple assault is a lesser-included charge of APO such that "when an individual is approached by a police officer acting in an official capacity, the individual's right of self-defense is limited." *Speed v. United States*, 562 A.2d 124, 127 (D.C. 1989); *see also Blocker v. United States*, 940 A.2d 1042, 1049 (D.C. 2008); *Nelson*, 580 A.2d at 117-18. Moreover, even in jurisdictions where the assault statute does not differentiate between police officers and civilians, defendants are entitled only to limited self-defense arguments when the victim is a police officer. *See Bowen v. Texas*, 162

---

[7] A second, limited exception is where there is some evidence that the defendant was unaware that the person he assaulted was a police officer when the police officer was the initial aggressor. *Wilson v. United States*, 673 A.2d 670, 672-73 (D.C. 1996); *see also Robinson v. United States*, 649 A.2d 584, 586 (D.C. 1994) (directing the jury to acquit on both felony and misdemeanor APO if the defendant was unaware he was assaulting a police officer in his official duties). Appellant does not claim he lacked knowledge of the officers' statuses as police officers.

S.W.3d 226, 230-31 (Tex. Crim. App. 2005) (Keller J., dissenting) ("[T]he self-defense statute requires . . . a showing that, before the actor offered any resistance, the officer used or attempted to use 'greater force than necessary to make the arrest' and the actor reasonably believed her response was immediately necessary to protect herself against that type of force."); *see also McClatchy v. Texas*, 758 S.W.2d 328, 330 (Tex. App. 1988) ("Were the courts to hold that a person may not be prosecuted for physically attacking an arresting officer when the calm analysis of hindsight reveals the officer's judgment of probable cause was faulty, we would be effectively declaring open season on arresting officers.").

If we permit a broad self-defense claim when a person is charged with simple assault and the victim is a police officer, police would be placed at greater risk of assault each time they approach a suspect and would be impeded in their ability to make an arrest. Because no one has a right to resist an arrest, regardless of that arrest's lawfulness, D.C. Code § 22-405 (d) (2016); *Jones v. United States*, 512 A.2d 253, 259 n.8 (D.C. 1986), one who assaults a police officer is in a fundamentally different position than one who assaults a non-police officer.

While the NEAR Act did limit the circumstances under which a suspect could be charged with assaulting a police officer or resisting arrest, it altered

nothing with respect to the burden on the government to prove that the defendant was not acting in self-defense. *See* D.C. Code § 22-405 (d) ("It is neither justifiable nor excusable cause for a person to use force to resist an arrest when such an arrest is made by an individual he or she has reason to believe is a law enforcement officer, whether or not such arrest is lawful."). Thus, we see no justification or support for Coleman's argument that this court's decision in *Speed* has been legislatively overruled by the passage of that Act or that the obligations of the public to respond appropriately to police conduct was intended to be curtailed. Because the evidence in this case demonstrates that Coleman was well aware that he was being stopped by the police, that the police were engaged in an investigation regarding the degree of tint in his car windows, and that there was no evidence of any excessive force used by the police in the course of that investigation before Coleman began flailing his arms, the judgment of the trial court is

*Affirmed.*