*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CM-564

THURMAN N. WILSON, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CMD-9742-12)

(Hon. Harold L. Cushenberry, Jr., Trial Judge)

(Argued October 2, 2014                          Decided November 6, 2014)

*Bryan P. MacAvoy* for appellant.

*Stephen F. Rickard*, Assistant United States Attorney, with whom *Ronald C. Machen Jr.*, United States Attorney, and *Elizabeth Trosman*, Assistant United States Attorney, were on the brief, for appellee.

Before FISHER and BECKWITH, *Associate Judges*, and NEBEKER, *Senior Judge*.

FISHER, *Associate Judge*: After denying his motion to suppress, the trial court convicted appellant Thurman Wilson of unlawful possession of cocaine and assault on a police officer (APO). On appeal, appellant challenges the denial of his

motion to suppress the cocaine and argues that the evidence was insufficient to support his APO conviction. We affirm.

## I.     Factual and Procedural Background

Viewed in the light most favorable to the government,[1] the evidence showed the following. At approximately 5:45 p.m. on June 5, 2012, Officer Andre Martin, a veteran of the Metropolitan Police Department with twenty years of drug enforcement experience, was conducting undercover surveillance at the 4200 block of 4th Street, S.E., an area known for high drug activity. After observing a known drug buyer give appellant what appeared to be money in exchange for a small object, Officer Martin broadcast a lookout for a male wearing a dark fishing hat.

Officers Kristopher Plumley and Marcus Stevens heard the broadcast, spotted appellant, who matched the lookout description, and got out of their unmarked vehicle to approach him. Officer Plumley wore plain clothes, but he also sported a tactical vest emblazoned with "police" in three-inch lettering.

---

[1] We consider challenges to the denial of a motion to suppress and the sufficiency of evidence underlying a conviction by viewing the record in the light most favorable to the government. *Coghill v. United States*, 982 A.2d 802, 806 (D.C. 2009); *Davis v. United States*, 781 A.2d 729, 734 (D.C. 2001).

Before the officers could speak, appellant saw them and took off running in the opposite direction. Officer Plumley eventually caught up to appellant and placed him in handcuffs. Soon thereafter, Officer Martin positively identified appellant in a show-up procedure.

After the show-up, appellant stood in handcuffs between Officers Plumley and Stevens. Without warning, appellant jerked his body and pulled his arms away from the officers' hold, falling backwards to the ground and knocking Officer Plumley off the curb. The officers tried to pick appellant up, but he refused to stand on his own. After informing appellant that he was under arrest for assault on a police officer, the officers escorted him to their cruiser. As they tried to place him in the vehicle, appellant flailed his arms and kicked and pushed his legs. The officers eventually subdued appellant and transported him to their station. There, a search incident to arrest uncovered cocaine in appellant's shoe and $140 in U.S. currency.

Appellant moved to suppress the cocaine and currency as the products of an illegal search and arrest. Crediting the testimony and experience of Officers Martin and Plumley, the trial court denied the motion, finding the officers' knowledge of the two-way transaction, the lookout description, and appellant's

subsequent flight gave Officer Plumley reasonable, articulable suspicion to seize appellant. The handcuffing of appellant was a reasonable precaution given the totality of the circumstances, and it did not convert the initial seizure into an arrest. The court finally found that, after Officer Martin's positive identification, reasonable, articulable suspicion ripened into probable cause.

## II. The Suppression Motion

Appellant contends that he was arrested without probable cause and that the cocaine found in his shoe should have been suppressed as the fruit of this unlawful detention. We need not decide whether or when the police had probable cause to arrest appellant for a drug crime because there is an independent ground for denying the suppression motion.[2] We therefore assume, without deciding, that appellant was arrested without probable cause.

---

[2] The government raised this argument in the trial court, giving appellant a full and fair opportunity to develop a record on this issue. *See Tuckson v. United States*, 77 A.3d 357, 373 (D.C. 2013) ("We may affirm the trial court's denial of the motion to suppress on any valid ground supported by the record so long as there has been no procedural unfairness.") (citation and internal quotation marks omitted).

Generally, when physical or testimonial evidence is uncovered by an illegal search or seizure, it must be suppressed as the "fruit of the poisonous tree." *Clark v. United States*, 755 A.2d 1026, 1029 (D.C. 2000), *abrogated on separate grounds by Carrell v. United States*, 80 A.3d 163 (D.C. 2013). However, there are exceptions to this general rule. *See, e.g.*, *Hicks v. United States*, 730 A.2d 657, 661-62 (D.C. 1999) (applying the inevitable discovery doctrine); *Al-Mahdi v. United States*, 867 A.2d 1011, 1023-24 (D.C. 2005) (applying the independent source rule). The test is whether the evidence in question "has been come at by exploitation of [the primary] illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (citation omitted).

In *Clark* we held that "absent unforeseen exceptional circumstances,[3] the commission of a separate and distinct crime while in unlawful police custody is the type of intervening act which purges the primary taint." 755 A.2d at 1030. There, we affirmed the admission of a threat made to an officer during the course of an unlawful arrest. *Id.* at 1027. Notwithstanding the causal connection between the

---

[3] We noted that there was no indication that police intentionally provoked Clark into committing the new crime. *See* 755 A.2d at 1030 n.4. Here, the record likewise provides no support for a claim of police provocation.

unlawful arrest and the words which constituted the threat, we followed the lead of *United States v. Bailey*, 691 F.2d 1009 (11th Cir. 1982), and other courts which have "refus[ed] to suppress either evidence of the distinct crime itself or evidence seized incident to arrest for the distinct crime." 755 A.2d at 1029-30.

*Clark* did not involve the admissibility of physical evidence tending to prove the crime which led to the initial (unlawful) arrest. To resolve this case, we turn to *Bailey*, upon which *Clark* chiefly relied. There, assuming that the defendant had been unlawfully arrested on suspicion of being a drug courier, the United States Court of Appeals for the Eleventh Circuit held that his subsequent assault of a DEA agent constituted a separate and distinct crime generating probable cause for a lawful "second" arrest. 691 F.2d at 1017-18. The court affirmed the admission of cocaine and heroin recovered from the defendant during searches incident to the second arrest. *Id.* at 1018-19.

Joining many other courts that have adopted the rule articulated in *Bailey*, we extend *Clark* and hold that, absent unforeseen exceptional circumstances, where a defendant commits a separate and distinct crime while unlawfully in police custody, evidence uncovered by a search incident to the later, lawful arrest is not suppressible as the fruit of the poisonous tree. *See, e.g.*, *United States v.*

*Dawdy*, 46 F.3d 1427, 1430-31 (8th Cir. 1995) (assuming that defendant was unlawfully arrested for possession of methamphetamine, his struggle with state trooper provided independent grounds for arrest, and additional methamphetamine uncovered by subsequent searches of his person and automobile was admissible); *see also United States v. Marine*, 51 M.J. 425, 429-30 (C.A.A.F. 1999) (even if defendant was unlawfully detained for investigation of assault, subsequent arrest for disrespect to commissioned officer, a military offense punishable by court-martial, was an intervening circumstance which purged the initial taint; marijuana cigarette discovered during search incident to arrest was admissible); *Kavanaugh v. Commonwealth*, 427 S.W.3d 178, 181 (Ky. 2014) (assault on officer purged the taint of unlawful *Terry* stop; crack cocaine found during valid search incident to arrest was admissible); *State v. Williams*, 926 A.2d 340, 345-46 (N.J. 2007) (handgun was seized incident to lawful arrest for obstructing the police, an offense which attenuated the taint of unlawful detention for suspicion of drug activity). Even if appellant had been unlawfully detained, our next discussion shows that he committed the separate and distinct crime of APO before the cocaine and money were discovered. Thus, any taint from an unlawful arrest was purged, and the motion to suppress was properly denied.

### III.   The APO Conviction

Anyone who "without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with a law enforcement officer . . . while that law enforcement officer is engaged in the performance of his or her official duties" is guilty of assault on a police officer. D.C. Code § 22-405 (b) (2012 Repl.). The offending conduct must, however, "go beyond speech and mere passive resistance or avoidance, and cross the line into active confrontation, obstruction or other action directed against an officer's performance in the line of duty." *In re C.L.D.*, 739 A.2d 353, 357 (D.C. 1999) (no APO violation where juvenile ignored police command to stop, mouthed off, and walked away, but did not struggle with officer or physically impede him from carrying out his duties).

For example, in *Coghill v. United States*, 982 A.2d 802, 806 (D.C. 2009), we upheld an APO conviction where a motorist resisted officers' attempts to remove him from his vehicle. By bracing his feet against the floorboard and gripping the steering wheel, the motorist "imposed an active, physical obstacle to the officers' effectuation of their duties." *Id.*; *see also In re J.S.*, 19 A.3d 328, 331 (D.C. 2011) ("[R]esisting handcuffing constitutes the type of active resistance directed against police that is prohibited by the APO statute.").

By jerking his body and pulling his arms away from the officers' hold, appellant actively and physically opposed the officers' efforts to secure his person. Appellant thereafter flailed his arms and kicked and pushed his legs as the officers tried to place him in their cruiser, physically obstructing their attempt to secure him in the vehicle.

Notwithstanding this active and oppositional behavior, appellant argues that resistance to *unlawful* police action does not 'trigger" the APO statute. We disagree. By its plain text, the statute prohibits forcible resistance to police action, whether it is lawful or unlawful.[4] D.C. Code § 22-405 (d) ("It is neither justifiable nor excusable cause for a person to use force to resist an arrest when such an arrest is made by . . . a law enforcement officer, whether or not such arrest is lawful."); *see also Tyson*, 30 A.3d at 806 ("[A] defense claim of justifiable or excusable cause is specifically barred by statute when the defendant is charged with assault on a police officer.") (citation and internal quotation marks omitted).

Appellant forcibly resisted Officers Plumley and Stevens to prevent them from carrying out their duties. *See In re C.L.D.*, 739 A.2d at 357 ("The key is the

---

[4] This general prohibition does not preclude a citizen from defending himself against excessive force. *See Tyson v. United States*, 30 A.3d 804, 806 (D.C. 2011). Appellant did not raise a self-defense claim below.

active and oppositional nature of the conduct for the purpose of thwarting a police officer in his or her duties.").  Such conduct falls squarely within the APO statute.

## IV.  Conclusion

The judgment of the Superior Court is hereby

*Affirmed.*